This is an appeal by the alleged owner of an automobile from a condemnation proceeding. After an ore tenus hearing the learned trial judge forfeited the automobile to the State of Alabama. We affirm.
The forfeiture of the automobile was accomplished pursuant to § 20-2-93, Code of Ala. 1975. This code section provides the authority for forfeiting vehicles "used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale" of controlled substances.
There are several issues presented by the alleged owner of the vehicle. We discuss the pertinent facts as they relate to the dispositive issues.
 I
Appellant argues that in the instant appeal the State has failed to prove that the substance found in the vehicle was "loaded for movement."
The record reveals that law enforcement officers met in the parking lot of a local bar. The officers went inside the bar and located the twenty-three year old son of the alleged owner of the vehicle, one Robert Winstead. The officers found Winstead in the bar and informed him they had information he had a quantity of drugs in the vehicle in question. There is testimony that Winstead consented to a search of the vehicle and stated to the officers that there was a little "pot" in the car. There was further evidence that the vehicle was in fact the property of Robert.
We note at this point that while certain questions regarding the above were objected to, there is unobjected to evidence or improperly objected to evidence which reveals the above. Furthermore, allowing the police officers' testimony regarding Robert Winstead's statement relating to the search, i.e., his consent thereto, was not error. This is so because there is evidence before the trial court to support the conclusion that Robert Winstead was the owner of the vehicle. Thus, in this instance, Robert Winstead was a "party" within the context of exemptions to the hearsay rule. We would further note that Robert Winstead was served with the instant complaint and his mother was allowed to proceed as an intervenor.
Approximately a pound of marijuana was found in the car. Additionally, a substance used to adulterate drugs was found and a scale used in weighing small quantities was found.
The State is not required to prove actual movement of the vehicle for § 20-2-93 to be operative. The State is only required to prove the controlled substance was "loaded for movement." See Gibbs v. State, 259 Ala. 561, 67 So.2d 836
(1953).
The statute (§ 20-2-93), as indicated above, provides that vehicles "which are used or intended for use to transport or in any manner facilitate the transportation" (emphasis supplied) of controlled substances may be forfeited.
At the outset, we note that it is the duty of the court to ascertain and give effect to the legislative intent as expressed from the words of a statute. State v. Steel CityCrane Rental, Inc., Ala.Civ.App., 345 So.2d 1371 (1977).
To this court, from the wording of the statute in question, the State, at least minimally, met its burden in proving the vehicle was intended to transport a controlled substance or at least facilitate the transportation.
As shown above, the State showed that the motorized vehicle was in the parking lot of a local bar. The owner was in the local bar; the owner did not reside in the bar; the owner consented to a search of the vehicle. A search of the vehicle revealed a fairly large amount of a controlled substance along with other items used by a dealer in drugs.
This court cannot say the above evidence does not meet the intent of the statute in question nor meet the burden imposed upon the State. Put another way, the evidence is sufficient to show that the vehicle was "loaded for movement." *Page 1209 
 II
The appellant next argues that the evidence revealed that Robert Winstead was not the owner of the vehicle but that his mother was the owner. Appellant further argues the State did not show the mother was aware of the illegal use of the vehicle.
We do not agree.
There is sufficient evidence that Robert Winstead stated, at least inferentially, to the law enforcement officers that the vehicle was his property.
There was further evidence from which the trial court could well have concluded that the mother made a gift of the vehicle to Robert. Specifically, there was testimony from the mother that Robert exerted virtually complete dominion and control over the vehicle.
It was the duty of the trial court to resolve any conflict in the testimony. See 2A Alabama Digest Appeal Error 1002. We find no error in this regard.
In view of the above, other issues regarding certain evidentiary matters need not be discussed. See Rule 45, ARAP.
 III
Appellant's final dispositive issue is that the learned trial judge erred to reversal in failing to grant its motion to dismiss. This contention is bottomed on the premise that the proceedings against the vehicle were not instituted promptly as required by § 20-2-93 (c), Code of Ala. 1975.
In the instant appeal, the proceedings were instituted three and one-half weeks after service of process.
In Kirkland v. State ex rel. Baxley, Ala.Civ.App.,340 So.2d 1121 (1976), cert. denied, 340 So.2d 1127 (1977), this court held proceedings instituted approximately two weeks after service were permissible. We now hold proceedings instituted approximately three and one-half weeks after service are permissible.
This court would be remiss in not commenting that appellant's counsel have favored this court with an excellent brief for which we are grateful.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.