This is an appeal by the alleged owner of an automobile from a condemnation proceeding. After an ore tenus hearing the trial court forfeited the automobile to the State of Alabama. The alleged owner appeals and we affirm.
The dispositive issues are (1) whether the trial court erred in determining that the defendant was the owner of the vehicle and (2) whether due process was denied the defendant because of the lapse of time between the seizure of the automobile and the trial court's order of condemnation.
A review of the record reveals the following:
The defendant was arrested in connection with the sale of controlled substances. The defendant was driving the above mentioned vehicle, a 1972 Buick automobile, when he was arrested.
The automobile was confiscated in February, 1979. Approximately one month later the state petitioned to have the vehicle condemned pursuant to § 20-2-93, Code of Ala. 1975. In November, 1979, a hearing was held and, as indicated above, the trial court ordered the automobile forfeited to the state.
The defendant, through able counsel, contends that the trial court erred in finding that the defendant was the owner of the vehicle.
At the outset, we note that when a case is heard orally before the trial court sitting without a jury, the trial court's findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence.Department of Industrial Relations v. Lynch, Ala.Civ.App.,370 So.2d 1050 (1979).
In this instance, the defendant admits that the defendant's mother "sold" the automobile to the defendant for $500. However, through affidavits made by the defendant and the defendant's mother, the defendant contends that only $200 was ever paid to the defendant's mother and that the defendant thus "abandoned his contract" and the defendant's mother still owns the vehicle. The defendant further contends that title to the vehicle is in the defendant's mother's name and that title was never transferred from the defendant's mother to the defendant pursuant to § 32-8-44, Code of Ala. 1975. Thus, the defendant contends that title remained in the defendant's mother and that condemnation of the vehicle was error because the defendant was not the owner of the automobile.
It is undisputed that the defendant was driving the vehicle when the controlled substances violation occurred. There is also evidence that the defendant used this automobile on another occasion to make an illegal controlled substances transaction. As indicated above, the defendant admitted having bought the automobile from his mother. In addition, there is evidence that the defendant indicated, at least inferentially, to the law enforcement officers that the automobile was his property.
We note that neither the defendant nor the defendant's mother testified concerning the ownership of the vehicle, nor is there any documentary evidence in the record to corroborate the affidavits of the defendant and the defendant's mother that the defendant "abandoned the contract."
The undisputed fact of a "sale" of the vehicle to the defendant, the defendant's control and dominion of the vehicle, as indicated above, and the lack of any evidence to support the contention that the defendant was not the owner of the automobile is sufficient to support the trial court's finding in this instance that the defendant was the owner of the automobile. *Page 1131 Winstead v. State, Ala.Civ.App., 375 So.2d 1207, cert. denied, Ala., 375 So.2d 1209 (1979).
The contention, as indicated above, that § 32-8-44 was not complied with regarding transfer of title, is without merit, in this instance, because the vehicle in question was a 1972 automobile. Section 32-8-44 is applicable only to 1975 or later model vehicles. See, § 32-8-30, Code of Ala. 1975.
In any event, a certificate of title to an automobile is only prima facie evidence of an ownership and can be contradicted by other evidence as there was in this instance. City Car Sales,Inc. v. McAlpin, Ala.Civ.App., 380 So.2d 865 (1979), cert.denied, Ala., 380 So.2d 869 (1980).
Thus, the trial court did not commit reversible error in finding that the defendant owned the automobile.
The defendant next contends that the delay of a hearing of nine months after the seizure of the automobile denied him due process.
As indicated above, the state petitioned for forfeiture approximately four weeks after the vehicle was seized. The hearing on the above petition for forfeiture was held approximately eight months after the petition was filed.
Section 20-2-93 (c), Code of Ala. 1975, is as follows: "In the event of seizure . . . proceedings . . . shall be instituted promptly."
We have held that proceedings instituted three and one-half weeks after seizure were prompt under this section. Winstead v.State, supra. See also, Kirkland v. State ex rel. Baxley, Ala.Civ.App., 340 So.2d 1121 (1976), cert. denied, Ala.,340 So.2d 1127 (1977). We hold in this instance that proceedings instituted approximately four weeks after seizure are permissible.
Section 20-2-93 (c) does not provide for any date when hearings on petitions for forfeiture are to be held. Rather, the section requires that proceedings be instituted promptly. As indicated above, this requirement was satisfied in this instance.
In this instance, the hearing on the petition for forfeiture was held eight months after the petition was filed. The record does not contain any motion by the defendant for a speedy hearing or any other attempt whatsoever to have the hearing prosecuted. To the contrary, the record reveals that the hearing was once continued because the defendant's attorney was out of town. There is no delay shown in the record on the part of the state, nor is there any prejudice pointed out by the defendant which resulted from the eight month delay. For aught that appears, the hearing would have been held earlier but for the defendant's continuance.
The facts of Kirkland, supra, indicate that the order of forfeiture was entered approximately three months from the date of seizure and a month and one-half from the date the petition was filed seeking forfeiture. In view of the facts shown above, we hold that the hearing held eight months from the date of the filing of the petition seeking forfeiture did not violate the defendant's due process. See, Yarber v. State, Ala.Cr.App.,368 So.2d 868, cert. denied, Ala., 368 So.2d 871 (1978).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.