The State of Alabama seized two of appellant's vehicles and instituted a forfeiture proceeding pursuant to Ala. Code 1975 §20-2-93, because appellant allegedly intended to use the vehicles to transport marijuana. The dispositive issue on appeal is whether the State instituted the forfeiture proceeding "promptly," as required by the statute.
The facts are undisputed. On October 29, 1986, officers of the Alabama Department of Conservation received a complaint that persons were poaching or trespassing on hunting club property. These conservation officers, as well as Deputy Tingle from the Perry County Sheriff's Department, investigated the complaint. They found a blue Ford pickup truck parked on a dirt road that abutted the main highway, with a Suzuki Quad Runner all-terrain vehicle ("ATV") in the bed of the truck. Hunting clothes, assorted shells, and a rifle lay in the front seat of the truck. The dirt road led to a large clear-cut area.
The officers observed Gary Reach (appellant) and Samuel Hubbard stripping leaves from green plants approximately 100 yards into the clear-cut area. These plants were later identified as marijuana. The officers observed Reach and Hubbard for approximately 20 to 30 minutes. Reach and Hubbard then began to walk toward the Ford truck with two large trash bags containing what was later determined to be marijuana leaves. The officers arrested Reach and Hubbard, who were later indicted for trafficking in marijuana. The officers also seized Reach's truck and ATV.
On December 2, 1986, at a preliminary hearing in the criminal prosecution, Reach's attorney requested the release of his vehicles because the State had filed no condemnation petition. The record does not show that the judge ever ruled on the request.[1] *Page 41 
On June 26, 1987, approximately eight months after the seizure of the vehicles, Reach's attorney accepted service of a petition to condemn the vehicles, and on July 30, 1987, the trial court ordered the vehicles condemned and forfeited to the state pursuant to Ala. Code 1975, § 20-2-93.
Section 20-2-93 provides, in pertinent part:
"(a) The following are subject to forfeiture:
". . . .
 "(2) All raw materials . . . which are . . . intended for use in manufacturing, compounding, processing, delivering, importing or exporting any controlled substance . . .;
". . . .
 (5) All conveyances, including . . . vehicles . . . which are . . . intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivisions (1) or (2) of this subsection . . .;
". . . .
 "(c) In the event of seizure . . ., proceedings . . . shall be instituted promptly." (Emphasis supplied.)
The mandate in the statute that forfeiture proceedings be instituted promptly is necessary to the statute's constitutionality. See Kirkland v. State ex rel. Baxley,340 So.2d 1121 (Ala.Civ.App. 1976), cert. denied, 340 So.2d 1127
(Ala. 1977). The statute contains no provision whereby the owner of a seized vehicle may post a bond and secure the use of his vehicle pending a hearing on the merits concerning the seizure. Indeed, § 20-2-93 (d) provides:
 "Property taken or detained under this section shall not be subject to replevin but is deemed to be in the custody of the state, county or municipal law enforcement agency subject only to the orders and judgment of the court having jurisdiction over the forfeiture proceedings." (Emphasis supplied.)
In Kirkland, the Court of Civil Appeals held that the absence of a bond provision did not render the statute unconstitutional because the statute provided that proceedings "shall beinstituted promptly." Kirkland, 340 So.2d at 1126.
 "Due process compels a balancing between the respective interests of the parties. The state is charged with the task of providing for the welfare of its citizenry. On the other hand, the individual citizen is entitled to enjoyment of his property which is to be interrupted only in accordance with the edicts of the Constitution. Here, the individual's dominion over his property is only temporarily postponed pending the prompt initiation of judicial proceedings to determine the propriety of the seizure."
Kirkland, 340 So.2d at 1126-27. Inherent in the Kirkland
court's finding of constitutionality is the state's adherence to the mandate that all forfeiture proceedings be instituted promptly. Thus, a forfeiture proceeding not "instituted promptly" is ineffectual.
As stated above, the record reveals that the State instituted the forfeiture proceeding approximately eight months after seizing Reach's vehicles; therefore, the State's action did not afford Reach due process of law.
During those eight months, Reach was deprived of the use of his vehicles; he had no way of knowing whether the seizure would eventually be upheld; he could not even post a bond to obtain the temporary use of his vehicles pending a determination concerning the validity of the seizure, and his one demand of record that the vehicles be released was ineffectual.
The State, in its brief, emphasizes that Reach's subsequent demands do not appear in the record. That is true; however, the state's argument ignores the fact that Reach has no statutory duty to request the release of his vehicles. In fact, the statute places an affirmative duty on the State to institute a forfeiture proceeding *Page 42 promptly. We are aware that the Court of Civil Appeals has held that a proceeding instituted approximately four weeks after seizure meets the promptness requirement, Eleven Automobiles v.State ex rel. Graddick, 384 So.2d 1129 (Ala.Civ.App. 1980), but we hold that a proceeding brought after eight months does not.
REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.
[1] Reach's attorney asserts in his brief that he renewed this motion on three subsequent occasions during the course of the criminal prosecution. He also states that on April 16, 1987, the circuit judge orally ordered the district attorney to file condemnation proceedings within ten days; however, we cannot verify his assertions from the record before us.