This is an appeal from a condemnation proceeding under the Alabama Uniform Controlled Substances Act.
Richard E. Moynes (appellant) and Barbara Pike were arrested and charged with trafficking in cocaine on June 26, 1988. Seized at the time of the arrest was $741 and $6600 in U.S. currency and a 1984 Chevrolet Corvette automobile. Forfeiture petitions under Alabama Code 1975, § 20-2-93 (1984 Repl.Vol.), were filed on October 7, 1988, asking that the seized property be forfeited to the Jefferson County Sheriff's Department pursuant to the statute. Appellant's motion to dismiss was denied. Following an ore tenus proceeding on May 4, 1989, the court awarded the property and currency to Jefferson County. Appellant filed a motion to reconsider, and, following a hearing on that motion, the trial court ordered the $741 returned to appellant and allowed the remainder of the condemnation order to stand. Appellant filed separate appeals regarding the condemnations of the $6600 in U.S. currency and the automobile. Upon appellant's motion those appeals have been consolidated for appellate review.
On appeal appellant raises three issues, as follows: (1) Did the state comply with Alabama Code 1975, § 20-2-93(c) (1984 Repl.Vol.), requirements to institute condemnation proceedings promptly? (2) Did the trial court err in finding that the state proved a prima facie case that the property was subject to seizure? (3) Did the trial court err in finding that the seizure was incident to a legal search?
The record reveals pertinent facts as follows: On June 26, 1988, the Jefferson County Sheriff's Deputies, following a lead *Page 1088 
from a confidential informant that appellant had over one ounce of cocaine, observed, then stopped and searched the automobile driven by appellant. The warrantless search produced several packages of cocaine, drug paraphernalia, and U.S. currency, which were seized at the time of the arrest. The cocaine and drug paraphernalia were found scattered at various locations within the car, including a small bag of cocaine lying on the front seat, a couple of bags of cocaine stashed under the front seat, drug paraphernalia in the rear of the automobile, and some cocaine on the persons arrested. A bag containing $6600 in U.S. currency was found under the front seat, and $741 in U.S. currency was found on the appellant at the time of the arrest.
Pursuant to the statute, the Jefferson County District Attorney's Office petitioned to have the currency and automobile condemned. The trial court found that the automobile was used to facilitate the transportation of a controlled substance in violation of state law and was, therefore, due to be condemned. The trial court further found that both parcels of U.S. currency were used, or were intended to be used, to facilitate the violation of state laws concerning controlled substances and were also due to be condemned. The appellant filed a motion to reconsider, alleging that the trial court erred in not granting a directed verdict to the appellant because the state had failed to prove a prima facie case. After hearing oral arguments on the motion, the trial court determined that its ruling that the parcel of U.S. currency equalling $741 was due to be condemned was in error because it relied on evidence presented after the state had rested its case; therefore, the trial court granted appellant's claim to the $741 but denied all other claims.
Our review in the instant case is limited by the ore tenus rule. The trial court's findings are presumed correct unless shown to be clearly contrary to the great weight of evidence.Pugh v. State ex rel. Galanos, 441 So.2d 931 (Ala.Civ.App. 1983).
 I
Did the state comply with Alabama Code 1975, § 20-2-93(c) (1984 Repl.Vol.), requirements to institute condemnation proceedings promptly?
Appellant contends that the trial court erred in denying his motion to dismiss based on his contention that the state failed to promptly initiate forfeiture proceedings as the statute requires. Appellant contends that the delay of the action was unreasonable in that it was over fourteen weeks after the actual seizure and thereby deprived him of due process of law.
We have previously addressed the issue of promptness under this statute and held that periods of three and one-half and four weeks after seizure are permissibly prompt. Winstead v.State, 375 So.2d 1207 (Ala.Civ.App. 1979), and ElevenAutomobiles v. State, 384 So.2d 1129 (Ala.Civ.App. 1980). Our supreme court has ruled that a delay of eight months in instituting forfeiture proceedings under § 20-2-93(c) is a denial of due process and fails to meet the promptness requirement of the statute. Reach v. State, 530 So.2d 40 (Ala. 1988).
The statute requires that forfeiture proceedings be instituted promptly but does not provide any specific time. An old Alabama case deals with defining the term promptly as follows: "Besides, the word 'promptly' as here used, means nothing more nor less than reasonable time — the latter term being a relative one, and its meaning dependent upon the circumstances." McCleskey Whitman v. Howell Cotton Co.,147 Ala. 573, 580, 42 So. 67 (1906).
The state has an affirmative duty to institute forfeiture proceedings promptly. Here, the appellant, a Georgia resident, first said the car was his and then said it did not belong to him. A title document found in the car showed the latest known title holder to be an automobile dealership in Georgia. An independent investigation was conducted to determine the true ownership of the car, which ultimately showed appellant to be the owner. We find ample evidence to support the trial court's finding that in this instance, instituting forfeiture proceedings over fourteen weeks after seizure *Page 1089 
was reasonable, and, therefore, permissible under the statute.
 II
Did the trial court err in finding that the state proved a prima facie case that the property was subject to seizure?
Appellant next contends that the state failed to meet its burden of proof in this case. The state is required to establish by the evidence a prima facie case for the seizure, condemnation, and forfeiture of property, under § 20-2-93, and that standard of proof is reasonable satisfaction. State v.Walker, 503 So.2d 866 (Ala.Civ.App. 1987). Before an order of condemnation could have been rendered and entered, the trial court must have been reasonably satisfied from the evidence that the items in question, an automobile and the currency, were used, or were intended to be used, in a transaction which would be a violation of the Alabama Uniform Controlled Substances Act. Alabama Code 1975, § 20-2-93 (1984 Repl.Vol.), and State v. Walker, supra.
In this case, there was evidence presented that the currency was found in the automobile under the front seat. There were several containers of cocaine and drug paraphernalia found within the automobile. This evidence, viewed with the attendant presumptions, clearly supports the trial court's judgment that the state met its burden of proof in this case and that the items seized were used, or were intended to be used, to facilitate violation of the Alabama Controlled Substances Act.
 III
Did the trial court err in finding that the seizure was incident to a legal search?
Appellant last contends that the state's warrantless search was not a legal search because it lacked probable cause or any exigent circumstances. Evidence obtained in an illegal search and seizure must be excluded in a forfeiture proceeding and to rely on such evidence violates fundamental constitutional rights. Nicaud v. State, 401 So.2d 43 (Ala. 1981).
Ideally, a search will be conducted pursuant to a valid warrant. However, the law recognizes that exceptions exist where obtaining a search warrant is impracticable. If delay in conducting a search increases the substantial likelihood that the evidence sought will be moved or destroyed, such an exception is recognized. Likewise, if delaying the search to obtain a warrant affords the suspect an opportunity to escape, an exception arises. Searches under such circumstances without a warrant are valid if based on probable cause. Kirkland v.State ex rel. Baxley, 340 So.2d 1121 (Ala.Civ.App. 1976).
In the instant case, the deputies received information that the appellant had more than one ounce of cocaine from a confidential informant who had supplied them with reliable information leading to the arrests of two or three other persons having controlled substances on prior occasions. The information provided by the informant included descriptions of the appellant and a female companion, the type of automobile and its color and tag number, that they had more than one ounce of cocaine in their possession, and the time and location of the appellant, his companion, and the automobile. The information was verified by the deputies and proved accurate. Additionally, testimony was before the trial court that had the deputies taken the time to obtain a search warrant, the car and the evidence would have been moved and appellant would have been allowed to escape. Clearly, the circumstances that existed at the time of the search and seizure fall within the well established exceptions to obtaining a warrant prior to a search. Accordingly, we find that the trial court did not err in finding the search and seizure were legal and constitutional under these circumstances.
It follows, therefore, that the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur. *Page 1090