This is an appeal from a forfeiture proceeding pursuant to § 20-2-93, Code 1975.
On March 11, 1990, Gulf Shores police officers stopped a 1986 Isuzu Trooper vehicle being driven by Sam Small and in which John Hutchinson Adams, IV, was one of two passengers. In searching the vehicle, Officer Steve Stuart found a flashlight in the map compartment behind the driver's seat which contained an amount of L.S.D., a controlled substance. Adams confirmed to the officers that he was the owner of the vehicle; whereupon, both Small, the driver, and Adams, the owner, were charged with unlawful possession of a controlled substance, and the vehicle was seized at that time by the Gulf Shores Police Department.
On May 21, 1990, the State filed a complaint pursuant to § 13A-11-84, Code 1975, seeking the condemnation and forfeiture of the vehicle. On June 5, 1990, Adams filed an answer and five affirmative defenses which raised a constitutional due process defense and, also, that the vehicle was not used in violation of Section 13A, Chapter 12, Code 1975. Also, on June 5, 1990, Adams filed a motion to dismiss containing several grounds for dismissal which included:
 "1. The complaint fails to state a claim upon which relief can be granted.
". . . .
 "4. The complaint was not instituted promptly as required by law."
On June 11, 1990, the trial court denied the motion to dismiss.
On July 25, 1990, the State filed a motion to amend the complaint so as to bring the action pursuant to § 20-2-93, Code 1975, which was granted immediately by the trial court. An objection to the motion to amend was filed by Adams on July 27, 1990. On September 19, 1990, the trial court held Adams's objection to the motion to amend to be moot.
On July 22, 1991, the case was heard with the only witness being Officer Stuart. Among other things, Stuart testified at the forfeiture hearing that Adams told him at the scene that Adams was the owner of the vehicle. Stuart also testified that he had no personal knowledge that Adams ever saw the L.S.D.; that he had no personal knowledge that Adams knew the L.S.D. was in the flashlight; that he had no personal knowledge that Adams knew L.S.D. was in his vehicle; and that Adams told Stuart at the scene that he did not know anything about the drugs.
After the hearing, the trial court ordered the vehicle condemned and forfeitured to the Gulf Shores Police Department. Adams filed notice of appeal. We note that a supplement to the record reveals that Adams's motion for judgment of acquittal in his criminal case was granted on November 18, 1991, and he was cleared of the criminal charge against him.
The first of three issues raised by Adams on appeal is whether the State instituted the forfeiture proceeding "promptly," as required by § 20-2-93(c), Code 1975. *Page 969 
Section 20-2-93 provides in pertinent part that:
"(a) The following are subject to forfeiture:
 "(1) All controlled substances . . . acquired in violation of any law of this state;
". . . .
 "(5) All . . . vehicles . . . used . . . to facilitate the transportation . . . or concealment of any property described in subdivision (1) . . . of this subsection;
". . . .
 "(c) In the event of seizure . . ., proceedings under subsection (d) of this section shall be instituted promptly." (Emphasis added.)
"The mandate in the statute that forfeiture proceedings be instituted promptly is necessary to the statute's constitutionality." Reach v. State, 530 So.2d 40, 41 (Ala. 1988) (citing Kirkland v. State ex rel. Baxley, 340 So.2d 1121
(Ala.Civ.App. 1976), cert denied, 340 So.2d 1127 (Ala. 1977)) (emphasis in original). A forfeiture proceeding that is not instituted promptly is ineffectual. Reach.
In Kirkland, supra, this court upheld the constitutionality of the statute because of the requirement in the statute that the forfeiture proceedings shall be instituted promptly. In that case the vehicle was seized on February 8, 1976; the forfeiture proceeding was instituted on February 24, 1976 (16 days after seizure); and a hearing and judgment of forfeiture was entered on May 6, 1976. This court has also held that a forfeiture proceeding instituted four weeks after seizure meets the promptness requirement of the statute. Eleven Automobilesv. State, 384 So.2d 1129 (Ala.Civ.App. 1980).
The appellee cites us to this court's recent case ofMoynes v. State, 555 So.2d 1086 (Ala.Civ.App. 1989), wherein we held that a delay of fourteen weeks was reasonable and permissible under the statute. However, in Moynes, it was necessary for the State to conduct an independent investigation outside the State of Alabama to determine the true ownership of the vehicle. At first Moynes said the car was his, but he then recanted and denied ownership. A title document found in the vehicle showed the latest known title holder to be an automobile dealership in Georgia, thereby necessitating a title investigation which finally led to the ownership being vested in Moynes. The record did not reflect any undue delay, and we found ample evidence in that case to support the trial court's finding that, in that instance, the forfeiture proceeding, instituted fourteen weeks after seizure, was reasonable and, thereby, satisfied the promptness requirement of the statute.
In this case, the State filed a complaint, pursuant to §13A-11-84, Code 1975, ten weeks after the seizure of the vehicle. We note that § 13A-11-84 provides for the forfeiture and destruction of pistols involved in violations of certain code sections. Adams then filed the aforementioned answer and motion to dismiss. After the motion to dismiss had been denied by the trial court, and approximately 19 weeks after the seizure, the State moved to amend the complaint to bring the action pursuant to § 20-2-93, Code 1975. The trial court immediately allowed the amendment.
One of the issues on appeal is whether the July 25, 1990, amendment related back to the original filing of the complaint on May 21, 1990. However, we find it unnecessary to address that issue in order to resolve this appeal, except to note that the pleadings clearly show a lack of attentiveness on the part of the State in complying with the "promptness" requirement of the forfeiture statute.
We hold that a delay of ten weeks between the time of the seizure of the vehicle in this case and the institution of the forfeiture proceeding did not meet the promptness requirement of § 20-2-93(c) and, thereby, deprived Adams of due process of law. The record does not reflect any reason why the forfeiture proceeding could not have been instituted immediately after the seizure. The constitutionality of the forfeiture statute hinges on "the state's adherence to the mandate that all forfeiture *Page 970 
proceedings be instituted promptly." Reach at 41.
While the State alleges on appeal that pleading § 13A-12-84 was a typographical error in the original complaint, this error was not "promptly" corrected. We also note that the trial court should have granted Adams's motion to dismiss on June 11, 1990, considering the pleadings at that time.
This court further holds that ten weeks should not now be considered the time period within which to institute forfeiture proceedings pursuant to § 20-2-93. Our supreme court has recognized that this court has held that a forfeiture proceeding instituted four weeks after seizure meets the promptness requirement, Reach; however, absent future legislative guidance, the facts and circumstances of each case may cause this issue to be decided on a case by case basis.
Adams has been deprived of the use of his vehicle since March 11, 1990, a period of over two years, and he was unable to post a bond to obtain the temporary use of the vehicle pending a final determination of this proceeding. We, therefore, reverse and render a judgment that the 1986 Isuzu Trooper be restored to Adams's possession, without any costs.
REVERSED AND RENDERED.
THIGPEN and RUSSELL, JJ., concur.