On January 28, 1991, Joseph Kenneth Brown was arrested and charged with possession of a controlled substance, crack cocaine. At the time of his arrest, the Atmore Police Department seized $1,113.77 which was in Brown's possession.
Subsequent to Brown's indictment for violation of §13A-12-212, Code 1975, the State filed a motion to nol pros the criminal case against Brown on the grounds that he was presently serving a ten-year sentence and was suffering from a terminal illness. This motion was granted by the trial court. Following the case being nol prossed, Brown filed a motion in August 1991 for return of the money seized at the time of his arrest in January 1991. The trial court entered an order denying Brown's motion on the case action summary sheet without stating any reason for the denial. Brown filed a motion for reconsideration which was also denied by the trial court. Brown initially appealed to the Alabama Court of Criminal Appeals, and that court transferred the appeal to this court.
In the State's brief on appeal, the State assumed that the trial court denied Brown's motion because the money had been condemned in a forfeiture proceeding. The record on appeal did not contain any evidence whatsoever of any forfeiture proceedings having been instituted. The State acknowledged this and pointed out to this court that this conclusion was assumed.
Therefore, we remanded this case back for the trial court to advise this court by a written finding of facts as to why Brown's motion was denied or, in the alternative, to grant Brown's motion and so advise this court. On remand, the trial court entered an order which contained the following:
 "The motion for return of property . . . was denied by this court on 8-27-91. This court denied the motion for two reasons. First, it is the opinion of this court that such a motion should have been presented to the court in a civil proceeding, and not in the criminal case. Secondly, the state represented to the court that the defendant had entered into a written stipulation for forfeiture of the property. Further, on the same date that the motion was denied, the state filed a civil proceeding in case number CV-91-270 to have the property forfeited, and for other relief."
After a careful review of the record, including the "Prisoners Cash Receipt" which stated the money would be returned to Brown, we hold that Brown's motion should have been granted. We note that the civil forfeiture proceeding, which was filed on the date that the motion was denied, was instituted over seven months after the money was taken from Brown's possession. This collateral action did not meet the promptness requirement of § 20-2-93(c), Code 1975, and deprived Brown of due process of law. Adams v. State ex rel. Whetstone,598 So.2d 967 (Ala.Civ.App. 1992). This court held in Adams
that a delay of ten weeks between the time of seizure and the institution of the forfeiture *Page 153 
proceeding did not meet the promptness requirement of §20-2-93(c), Code 1975.
The State's assumption that the trial court denied Brown's motion because the money had been condemned is without merit since no forfeiture proceeding had been instituted. Although the collateral forfeiture proceeding is not before this court for review, Brown's motion was due to have been granted before that proceeding was filed.
This case is reversed and remanded with directions to the trial court to enter an order returning the $1,113.77 to Brown's possession and for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.