YATES, Judge.
This is an appeal from a forfeiture action brought by the State against Greg Milstid, pursuant to Ala.Code 1975, § 20-2-93(a)(5). The trial court ruled that it was reasonably satisfied that Milstid’s automobile was used in the illegal transportation and sale of marijuana, and that the car should be forfeited.
Milstid appeals pro se, raising numerous issues for this court’s review. Rule 28, Ala. R.App.P., sets out the requirements for an appellate court brief. After carefully reviewing Milstid’s brief, we conclude that he has failed to comply with this rule as to all issues raised, save two. The two issues properly presented for review are whether the State instituted timely forfeiture proceedings and whether the delay of seven months before a hearing was held violated Milstid’s constitutional right to due process.
The facts are that on August 20, 1992, Milstid was arrested by officers of the At-more Police Department after he had sold marijuana to an informant during an undercover drug operation. Milstid drove to meet the informant in a 1983 Lincoln Continental automobile. The informant got into the car, *586 and the drug deal, which was monitored by the police through a hidden microphone placed on the informant, was transacted. The officers then arrested Milstid and seized his car.
On September 1, 1992, the State instituted forfeiture proceedings as to the car. On December 1, 1992, Milstid sought dismissal of the forfeiture action. He later filed certain discovery requests with the court. The trial court set a hearing date for February 9, 1993; however, the hearing was delayed at the request of Milstid. The hearing was rescheduled for March 22, 1993, and on that date the trial court entered an order requiring forfeiture of the car.
Ala.Code 1975, § 20-2-93(e), provides that “In the event of seizure ... proceedings ... shall be instituted promptly.”
The forfeiture proceedings were instituted by the State twelve days after Milstid’s car was seized. This court has held that proceedings instituted three and one-half weeks, and even four weeks after seizure, were “prompt” under this section. See Eleven Automobiles v. State, 384 So.2d 1129 (Ala.Civ.App.1980).
As to Milstid’s second issue, we note that § 20-2-93 does not provide or require a timetable as to when hearings on petitions for forfeiture are to be held. Id. A due process claim similar to that raised by Mils-tid was raised in Eleven Automobiles, supra. In that case, a hearing did not take place until eight months after the petition had been filed. There, this court held:
“The record does not contain any motion by the defendant for a speedy hearing or any other attempt whatsoever to have the hearing prosecuted. To the contrary, the record reveals that the hearing was once continued because the defendant’s attorney was out of town. There is no delay shown in the record on the part of the state, nor is there any prejudice pointed out by the defendant which resulted from the delay. ...
“... In view of the facts shown above, we hold that the hearing held eight months from the date of the filing of the petition seeking forfeiture did not violate the defendant’s due process [rights].”
Eleven Automobiles, 384 So.2d at 1131.
Here, Milstid filed several motions with the court, including a motion resulting in almost a six-week delay of the hearing. Based on the facts of this case, and on the authority of Eleven Automobiles, we conclude that the hearing, held less than seven months after the timely filing of the petition for forfeiture, did not violate Milstid’s due process rights.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.