This is an appeal from a forfeiture proceeding conducted pursuant to § 20-2-93, Ala. Code 1975. On November 15, 2004, Officer Kevin Briley and Officer Daniel Dietrich, members of the Anniston Police Department, stopped a Ford Ranger pickup truck ("the vehicle") being driven by Chancelor Todd Chesson because the vehicle had a nonfunctioning tag light. Chesson was the owner and sole occupant of the vehicle. Officer Dietrich observed in plain view what he believed to be drug paraphernalia in the vehicle, and Chesson was asked to exit the vehicle. Officer Dietrich conducted a pat-down search of Chesson pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); during the pat-down search, Officer Dietrich felt a lump encased in plastic in Chesson's pocket, which, Officer Dietrich testified, in his experience, was consistent with the presence of illegal drugs. Officer Dietrich testified that he believed that he had probable cause to search Chesson's pocket and that a search of Chesson's pocket produced a small bag of what appeared to be methamphetamine.
Chesson was placed in custody, and Officer Dietrich began an inventory search of the vehicle, which produced glass pipes, 82 plastic baggies, quantities of methamphetamine, electronic scales, and a silver BB gun. Approximately nine grams of methamphetamine was found in the cab and the covered bed of the vehicle. The vehicle was impounded. A later search of Chesson's person at the Anniston police station produced marijuana. As a result of this incident, Chesson eventually entered guilty pleas to possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia.
On November 16, 2004, Officer Harry James Dodson, an Anniston city police officer assigned to the Calhoun County drug *Page 568 
task force as an investigator, picked up the vehicle from the impound lot. Officer Dodson prepared an asset-condemnation request regarding the vehicle on November 29, 2004, and he placed the completed asset-condemnation request in a box for the assistant district attorney within two weeks after Chesson's arrest.
On March 21, 2005, the State filed a complaint seeking the forfeiture of the vehicle under § 20-2-93, Ala. Code 1975. On May 9, 2005, Chesson filed a motion to dismiss, alleging that the State's failure to promptly institute the forfeiture proceeding denied him due process and violated the promptness requirement of § 20-2-93(c), Ala. Code 1975.
On May 26, 2005, the trial court heard evidence regarding Chesson's motion to dismiss. The legal secretary at the assistant district attorney's office who prepared the files for condemnation and forfeiture proceedings testified that a new assistant district attorney took office in February 2005 and that the judge that had previously heard condemnation and forfeiture cases was replaced at approximately the same time. The secretary testified that she did not file this action until March 2005 because she was "making sure of the judge's name to put on the paperwork and also . . . waiting to find out which Assistant District Attorney's name to put on the paperwork."
The parties filed briefs supporting their positions, and, on September 27, 2005, the trial court granted Chesson's motion to dismiss the State's complaint seeking the forfeiture of the vehicle after considering the testimony at the May 26 hearing, the oral arguments made on behalf of the parties, and the written briefs filed on behalf of the parties. The State filed a timely appeal, alleging that the trial court had erred in granting Chesson's motion to dismiss.
The first issue raised on appeal is whether the forfeiture proceeding was instituted "promptly" in accordance with §20-2-93(c), Ala. Code 1975. "On appellate review of a ruling from a forfeiture proceeding at which the evidence was presented ore tenus, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence." Ex parte McConathy, 911 So.2d 677, 681
(Ala. 2005). Section 20-2-93, Ala. Code 1975, provides in pertinent part:
 "(b) Property subject to forfeiture under this chapter may be seized by state, county or municipal law enforcement agencies upon process issued by any court having jurisdiction over the property. . . .
 ". . . .
 "(c) In the event of seizure pursuant to subsection (b) of this section, proceedings under subsection (d) of this section shall be instituted promptly."
(Emphasis added.) "`The mandate in [§ 20-2-93(c), Ala. Code 1975,] that forfeiture proceedings be institutedpromptly is necessary to the statute's constitutionality.'" Adams v. State ex rel. Whetstone,598 So.2d 967, 969 (Ala.Civ.App. 1992) (quoting Reach v.State, 530 So.2d 40, 41 (Ala. 1988)). Furthermore, a forfeiture proceeding that is not instituted promptly is ineffectual. Adams, 598 So.2d at 969. "The term `promptly' has been construed to mean within a reasonable time in light of all the circumstances." State v. $17,636.00 inUnited States Currency, 650 So.2d 900, 901
(Ala.Civ.App. 1994).
This Court has addressed the issue of promptness under this statute. In Winstead v. State, 375 So.2d 1207
(Ala.Civ.App. 1979), and Eleven Automobiles v. State,384 So.2d 1129 (Ala.Civ.App. 1980), this *Page 569 
Court ruled that instituting forfeiture proceedings three and one-half weeks and four weeks, respectively, after a seizure is permissibly prompt. This Court has also held that a 14-week delay between the seizure and the initiation of forfeiture proceeding was not excessive. Moynes v. State,555 So.2d 1086, 1088-1089 (Ala.Civ.App. 1989). However, inAdams, 598 So.2d at 969, this Court found that a delay of 10 weeks between the seizure of the property and the institution of the forfeiture proceedings did not meet the promptness requirement of § 20-2-93(c), Ala. Code 1975, when the record reflected no reason for the delay. This Court has stated that, without legislative guidance, "the facts and circumstances of each case may cause [the] issue [of promptness] to be decided on a case by case basis." Adams,598 So.2d at 970.
The State contends that the situation in this case is akin to the situation in Moynes v. State, 555 So.2d 1086
(Ala.Civ.App. 1989). We disagree.
In Moynes, this Court ruled that a forfeiture proceeding, which was initiated more than 14 weeks after the seizure of the property at issue in that case, was instituted "promptly" because the claimant had lied about the ownership of the property and it had been necessary to conduct an independent investigation to determine who was the true owner of the property. In this case, however, the delay of 18 weeks between when the vehicle was seized and when the forfeiture complaint was filed was longer than the delay in Moynes. Furthermore, instead of the delay resulting from a "good faith" investigation to determine who was the true owner of the property, the delay resulted from the secretary's wanting to make sure she put the correct names on the paperwork. We find that this case is factually more similar to Adams, in which a delay of 10 weeks between the seizure of the property and the institution of the forfeiture proceedings showed a lack of attentiveness by the State and, thus, a failure to comply with the "promptness" requirement of § 20-2-93(c). The trial court could have concluded that the 18-week delay was not reasonable given the circumstances and the excuse provided by the State.
Based on the facts of this case and the authorities cited above, we cannot conclude that the trial court erred in its ruling. After hearing the evidence ore tenus, the trial court could have reasonably dismissed the State's complaint based on a lack of promptness because the court found that the State had failed to establish a sufficient reason for the delay in instituting the proceeding. Thus, no further analysis of the issues presented is necessary. The trial court's judgment is hereby affirmed.
AFFIRMED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
BRYAN, J., dissents, with writing.