I respectfully dissent.
 "When a judge in a nonjury case hears oral testimony, a judgment based on findings of fact based on that testimony will be presumed correct and will not be disturbed on appeal except for a plain and palpable error. However, where the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the court's judgment carries no presumption of correctness."
Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379
(Ala. 1996) (citations omitted). In the present case, the material facts are essentially undisputed, and the controversy concerns a question of law. Therefore, contrary to the view held in the main opinion, *Page 570 
we should not afford the trial court's judgment a presumption of correctness. Instead, we should review de novo the application of the law to the facts of this case.
"[Section 20-2-93(c), Ala. Code 1975,] requires that forfeiture proceedings be instituted promptly but does not provide any specific time. . . . `. . . [T]he word "promptly" . . . means nothing more nor less than reasonable time — the latter term being a relative one, and its meaning dependent upon the circumstances.'" Moynes v. State, 555 So.2d 1086, 1088
(Ala.Civ.App. 1989) (quoting McCleskey Whitman v.Howell Cotton Co., 147 Ala. 573, 580, 42 So. 67, 70
(1906)). In Moynes, this court stated that a forfeiture proceeding instituted more than 14 weeks after the seizure was reasonable and, therefore, prompt pursuant to §20-2-93(c). 555 So.2d at 1088-89. In the present case, the forfeiture proceeding was instituted approximately 18 weeks after the seizure. The State presented undisputed evidence indicating that the activation for military service of the drug-task-force prosecutor and the replacement of the judge who heard drug-task-force cases had delayed the institution of the forfeiture proceeding. Given the facts of this case, I conclude that the forfeiture proceeding was instituted within a reasonable period of time. Therefore, I would hold that the forfeiture proceeding was instituted promptly in accordance with § 20-2-93(c). The judgment should be reversed, and the case should be remanded for the trial court to conduct a hearing and to make findings of fact as to whether forfeiture is appropriate.