George William Cowart ("Cowart") and William Travis Cowart ("Travis") appeal the trial court's judgment ordering the forfeiture of $7,284 in United States currency and 29 guns that law-enforcement officers seized after discovering a methamphetamine lab in Cowart's residence.
On August 10, 2006, the State of Alabama filed a complaint seeking the forfeiture, pursuant to § 20-2-93, Ala. Code 1975, of $7,284 in United States currency and 29 guns. In its complaint, the State alleged that it had discovered the money and guns along with the contents of a methamphetamine lab and methamphetamine in Cowart's house while conducting a voluntary search of the house on February 22, 2006.
On October 2, 2006, Cowart moved to recover the money and guns seized. In his motion, Cowart contended that the property was seized illegally because, he argued, the guns were the property of his son, Travis, and the money found was earned as a result of the sale of an automobile and a house. On December 15, 2006, following the publication of the notice to claimants in the local newspaper, Travis filed an answer to the State's complaint for forfeiture of the property and moved to adopt Cowart's motion to recover the seized property. In his answer, Travis asserted that he owned many of the guns seized by the law-enforcement officers and that the State's complaint was due to be denied because it was not timely filed.
On February 14, 2007, the trial court conducted an ore tenus hearing. Following that hearing, the trial court, on May 11, 2007, entered a judgment ordering the forfeiture of the property. That judgment provided, in pertinent part:
 "The State presented testimony, via Drug Task Force Commander Mark Odom, that on February 22, 2006, agents of the 22nd Judicial Circuit Drug Task Force executed a search by consent at [Cowart's residence]. There the agents discovered, among other things, in excess of 500 grams of methamphetamine oil, finished product methamphetamine, pseudoephedrine, phosphorus, and other chemical and mechanical components necessary to manufacture methamphetamine, as well as the above-described currency and weaponry. Commander Odom testified that the agents determined the contents to be a methamphetamine lab. He stated that these items were scattered throughout the residence and were not confined to any one area. Commander Odom testified that all items, including the Seven Thousand Two Hundred Eighty Four Dollars ($7,284.00) in U.S. Currency, the twenty nine (29) firearms, and the night-vision goggles were confiscated by the Drug Task Force and were held in evidence pending the trial of the charges in case number CC-2006-190. He further stated that the Drug Task Force had received information from numerous individuals concerning the sale of methamphetamine from [Cowart's] residence. Commander Odom also testified that the presence of firearms *Page 247 
is one of the elements of the offense of Manufacturing a Controlled Substance I. [Cowart] was ultimately tried on charges of Trafficking in Methamphetamine, Manufacturing a Controlled Substance I, Distribution of a Controlled Substance, and Possession of Drug Paraphernalia. The State further offered as evidence a copy of the transcript from the trial of CC-2006-190, which was tried during the October 2006 jury term.
 "[Travis] presented testimony that nine (9) of the firearms seized belonged to him. He testified that he had put these firearms in [Cowart's] residence sometime prior to February 22, 2006, and that he had placed them in the bedroom.
 "[Cowart] presented testimony, via Franklin Donaldson and Terry Wyatt, that he was in the business of buying and selling houses, automobiles, and boats. Donaldson testified that in January, 2006, he had bought a house from [Cowart] for $4,000. Donaldson produced a cancelled check dated January 11, 2006, payable to [Cowart] in the amount of $4,000, as support for his testimony. He did not provide the Court with a copy of a deed to any real property. Wyatt testified that he had known [Cowart] for approximately four (4) years. He testified that he had seen numerous cars and boats `come and go' during that time. He said that he had bought a vehicle from [Cowart] for $1,800. A copy of a bill of sale dated January 29, 2006, which was signed by [Cowart], [Travis], and Wyatt but was not notarized, was entered into evidence. Wyatt testified that he did not have a title for the vehicle. [Cowart] argued, as well, that the State's petition is due to be denied, contending that the State did not institute forfeiture proceedings promptly.
 "The Court does not find the evidence presented by [Cowart] and [Travis] to be credible, as there were discrepancies in the testimony of [Travis], Donaldson, and Wyatt. Moreover, the Court has reviewed the relevant caselaw regarding the timeliness of filing a petition for forfeiture. . . .
 "In the above-styled cause, the evidence indicates that the above-described currency and weaponry were held as evidence in the criminal trial of the charges in case number CC-2006-190. These items were not available to [Cowart] pending the outcome of that trial. Accordingly, the institution of the forfeiture proceedings did not deny him the use and enjoyment of his property, and the State's delay in filing did not constitute a denial of due process."
Cowart and Travis timely appealed.
On appeal, Cowart and Travis contend that the State's forfeiture petition was not timely filed and that the State did not present evidence establishing with reasonable satisfaction that the property seized had any connection to the production and sale of methamphetamine. The dispositive issue on appeal is whether the State instituted the forfeiture proceeding "promptly," as required by § 20-2-93(c), Ala. Code 1975.
At the outset, we note that when, as here, the trial court entered its judgment after conducting an ore tenus proceeding, the trial court's judgment is presumed to be correct and will not be disturbed unless the record shows that it is contrary to the great weight of evidence. Ex parte McConathy,911 So.2d 677 (Ala. 2005). "The ore tenus rule does not, however, extend to cloak a trial judge's conclusions of law or incorrect application of law to the facts with a presumption of correctness." $3,011 in United *Page 248 States Currency v. State, 845 So.2d 810, 814
(Ala.Civ.App. 2002).
Section 20-2-93, Ala. Code 1975, provides for the forfeiture of money or property utilized in the illegal sale of controlled substances. That section provides, in pertinent part:
 "(a) The following are subject to forfeiture:
 "(1) All controlled substances . . . acquired in violation of any law of this state;
 "(2) All raw materials, products, and equipment of any kind which are used or intended for use for the manufacturing, . . . processing, delivering, importing or exporting any controlled substance in violation of any law of this state;
 ". . . .
 "(4) All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; and all moneys . . . used or intended to be used to facilitate any violation of any law of this state concerning controlled substances;
 ". . . .
 "(9) All property of any type whatsoever constituting, or derived from, any proceeds obtained directly, or indirectly, from any violation of any law of this state concerning controlled substances.
 "(b) Property subject to forfeiture under this chapter may be seized by state, county or municipal law enforcement agencies upon process issued by any court having jurisdiction over the property. . . .
 ". . . .
 "(c) In the event of seizure pursuant to subsection (b) of this section, proceedings under subsection (d) of this section shall be instituted promptly."
(Emphasis added.)
"The mandate in the statute that forfeiture proceedings be instituted promptly is necessary to the statute's constitutionality." Reach v. State, 530 So.2d 40, 41
(Ala. 1988) (citing Kirkland v. State ex rel. Baxley,340 So.2d 1121 (Ala.Civ.App. 1976)). A forfeiture proceeding that is not instituted promptly is ineffectual. Id.
"The term `promptly' has been construed to mean within a reasonable time in light of all the circumstances." State v.$17,636.00 in United States Currency, 650 So.2d 900, 901
(Ala.Civ.App. 1994). Whether a forfeiture action is "prompt" is governed by the facts and circumstances of that particular case.Lightfoot v. Floyd, 667 So.2d 56, 66 (Ala. 1995);Adams v. State ex rel. Whetstone, 598 So.2d 967, 970
(Ala.Civ.App. 1992). However, it is evident from cases addressing the issue of promptness in forfeiture actions that a short period of time between the seizure of property and the institution of forfeiture proceedings is favored. See Reachv. State, supra (holding that forfeiture proceedings instituted eight months after the seizure of property failed to meet the promptness requirement); State v. Chesson,948 So.2d 566 (Ala.Civ.App. 2006) (holding that State did not promptly institute forfeiture proceedings given 14-week delay between the seizure of the property and the filing of the State's complaint); $1,113.77 United States Currency v.State, 606 So.2d 151 (Ala.Civ.App. 1992) (holding that forfeiture proceeding instituted more than seven months after property was seized did not meet the promptness requirement of § 20-2-93(c)); Adams v. State ex rel. Whetstone, supra (holding that 10-week delay between the seizure of property and the institution of forfeiture proceedings did not meet the promptness requirement of *Page 249 
§ 20-2-90(c)); Eleven Automobiles v. State,384 So.2d 1129 (Ala.Civ.App. 1980) (holding that a forfeiture proceeding instituted four weeks after seizure met the promptness requirement of the statute); Winstead v.State, 375 So.2d 1207 (Ala.Civ.App. 1979) (holding that forfeiture proceedings instituted three and one-half weeks after service of process were prompt); and Kirkland v. State exrel. Baxley, supra (recognizing that forfeiture proceedings instituted two weeks after service were permissible under § 20-2-93(c)).
In the instant case, the State filed a complaint, pursuant to § 20-2-93, 24 weeks after the seizure of the money and guns. In an effort to explain the delay between the date the property was seized and the date the forfeiture proceedings were instituted, the State argues that the money and guns were held as evidence pending Cowart's criminal trial and that the money and guns were an integral part of the evidence presented at the criminal trial. Assuming, without deciding, that that might be a valid reason to delay filing the forfeiture complaint, the timing of Cowart's criminal trial does not support the State's explanation for its delay in instituting the forfeiture proceedings. The trial court's order states that Cowart was "tried during the October 2006 jury term." The State filed its forfeiture complaint in August 2006, before Cowart's criminal trial. Therefore, it appears that Cowart's pending criminal trial did not serve to delay the State's filing of the forfeiture complaint.
The State has offered no other reason for its delay in instituting forfeiture proceedings. Although this court has previously ruled that a forfeiture proceeding initiated more than 14 weeks after the seizure of a vehicle was instituted promptly, see Moynes v. State, 555 So.2d 1086
(Ala.Civ.App. 1989), the State, in that case, offered evidence indicating that the delay was necessary in order for it to conduct an independent investigation outside the State of Alabama to determine the true ownership of the vehicle that had been seized. This court concluded in Moynes, supra, that the delay in instituting the forfeiture proceeding was reasonable. The State, in this case, has offered no reasonable explanation for the delay in filing the forfeiture complaint.
Given the facts of this case and well-settled caselaw, we conclude that the 24-week delay between the time that the property was seized and the institution of forfeiture proceedings did not meet the promptness requirement of § 20-2-93(c). Therefore, we reverse the trial court's judgment in favor of the State, and we remand the cause for the trial court to enter an order returning the seized property to Cowart.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.