MOORE, Judge.
Eric Deandre Hall, Jamison Brandon Gaston-Jones, Antonio Montrel Jenkins, and Demetrius Harris (hereinafter referred to collectively as “the claimants”) appeal from a judgment of the Jefferson Circuit Court (“the trial court”) condemning and ordering the forfeiture of $16,038 of United States currency (“the currency”) seized from them. We reverse.

Procedural History

On November 4, 2011, the State of Alabama'filed a complaint seeking the forfeiture of the currency. The claimants were served on January 26, 2012. After a November 15, 2012, trial, the trial court entered a judgment on January 8, 2013, condemning and ordering the forfeiture of the currency. On January 30, 2013, the claimants moved the trial court to alter, amend, or vacate its judgment; that motion was denied by operation of law on April 30, 2013. See Rule 59.1, Ala. R. Civ. P. On June 7, 2013, the claimants filed their notice of appeal.

Discussion

On appeal, the claimants first argue that the trial court erred in condemning and ordering the forfeiture of the currency because, they say, the forfeiture proceedings were not instituted promptly. Section 20-2-93(c), Ala.Code 1975, provides that forfeiture proceedings “shall be instituted promptly.” The claimants rely heavily on Adams v. State ex rel. Whetstone, 598 So.2d 967 (Ala.Civ.App.1992), in support of their argument that the State did not institute the forfeiture proceedings promptly. The State relies heavily on Moynes v. State, 555 So.2d 1086 (Ala.Civ. App.1989), in support of its position that the forfeiture proceedings were instituted promptly. In Adams, this court reasoned:
“ ‘The mandate in the statute that forfeiture proceedings be instituted promptly is necessary to the statute’s constitutionality.’ Reach v. State, 530 So.2d 40, 41 (Ala.1988) (citing Kirkland v. State ex rel. Baxley, 340 So.2d 1121 (Ala.Civ.App.1976), cert denied, 340 So.2d 1127 (Ala.1977)) (emphasis in original). A forfeiture proceeding that is not instituted promptly is ineffectual. Reach.
“In Kirkland, supra, this court upheld the constitutionality of the statute because of the requirement in the statute that the forfeiture proceedings shall he instituted promptly. In that case the vehicle was seized on February 8, 1976; the forfeiture proceeding was instituted on February 24, 1976 (16 days after seizure); and a hearing and judgment of forfeiture was entered on May 6, 1976. This court has also held that a forfeiture proceeding instituted four weeks after seizure meets the promptness requirement of the statute. Eleven Automobiles v. State, 384 So.2d 1129 (Ala.Civ.App.1980).
“The appellee cites us to this court’s recent case of Moynes v. State, 555 So.2d 1086 (Ala.Civ.App.1989), wherein we held that a delay of fourteen weeks was reasonable and permissible under the statute. However, in Moynes, it was necessary for the State to conduct an independent investigation outside the State of Alabama to determine the true ownership of the vehicle. At first Moynes said the car was his, but he then recanted and denied ownership. A title document found in the vehicle showed the latest known title holder to be an automobile dealership in Georgia, thereby necessitating a title investigation which finally led to the ownership being vested in Moynes. The record did not reflect any undue delay, and we found *773 ample evidence in that case to support the trial court’s finding that, in that instance, the forfeiture proceeding, instituted fourteen weeks after seizure, was reasonable and, thereby, satisfied the promptness requirement of the statute.
“In this case, the State filed a complaint, pursuant to § 13A-11-84, [Ala.] Code 1975, ten weeks after the seizure of the vehicle. We note that § 13A-11-84 provides for the forfeiture and destruction of pistols involved in violations of certain code sections. Adams then filed the aforementioned answer and motion to dismiss. After the motion to dismiss had been denied by the trial court, and approximately 19 weeks after the seizure, the State moved to amend the complaint to bring the action pursuant to § 20-2-93, [Ala.] Code. 1975. The trial court immediately allowed the amendment.
“One of the issues on appeal is whether the July 25, 1990, amendment related back to the original filing of the complaint on May 21, 1990. However, we find it unnecessary to address that issue in order to resolve this appeal, except to note that the pleadings clearly show a lack of attentiveness on the part of the State in complying with the ‘promptness’ requirement of the forfeiture statute.
“We hold that a delay of ten weeks between the time of the seizure of the vehicle in this case and the institution of the forfeiture proceeding did not meet the promptness requirement of § 20-2-93(c) and, thereby, deprived Adams of due process of law. The record does not reflect any reason why the forfeiture proceeding could not have been instituted immediately after the seizure. The constitutionality of the forfeiture statute hinges on ‘the state’s adherence to the mandate that all forfeiture proceedings be instituted promptly.’ Reach at 41.
“While the State alleges on appeal that pleading § 13A-12-84 was a typographical error in the original complaint, this error was not ‘promptly’ corrected. We also note that the trial court should have granted Adams’s motion to dismiss on June 11, 1990, considering the pleadings at that time.
“This court further holds that ten weeks should not now be considered the time period within which to institute forfeiture proceedings pursuant to § 20-2-93. Our supreme court has recognized that this court has held that a forfeiture proceeding instituted four weeks after seizure meets the promptness requirement, Reach; however, absent future legislative guidance, the facts and circumstances of each case may cause this issue to be decided on a case by case basis.”
598 So.2d at 969-70. “[I]t is evident from cases addressing the issue of promptness in forfeiture actions that a short period of time between the seizure of property and the institution of forfeiture proceedings is favored.” Cowart v. State, 991 So.2d 245, 248 (Ala.Civ.App.2008); see also State v. Chesson, 948 So.2d 566 (Ala.Civ.App.2006) (holding that forfeiture action filed 14 weeks after the seizure of the property was not promptly instituted).
In the present case, the currency was seized from the claimants at a traffic stop on September 15, 2011. The complaint seeking forfeiture of the currency was filed on November 4, 2011, approximately seven weeks after the seizure of the currency. The State argues that the delay was the result of the State’s giving the claimants time to provide receipts supporting their assertions that the currency had originated from legitimate sources. We note that the seizing officers testified that they had informed the claimants that they could provide supporting receipts; however, there *774 was no evidence indicating that the State had delayed the institution of the forfeiture proceedings for that purpose. The currency was found on the four individual claimants — $1,980 was found on Hall, $5,510 was found on Gaston-Jones, $4,048 was found on Jenkins, and $4,490 was found on Harris.[1] Therefore, unlike in Moynes, there was no uncertainty regarding who owned the currency. The facts in this case are similar to those in Adams— there was no evidence presented regarding why there was a seven-week delay in filing the forfeiture complaint.
Based on the facts and circumstances of the present case, particularly the complete lack of evidence of the reason for the seven-week delay in the institution of the forfeiture proceedings, we conclude that the State failed to institute the forfeiture proceedings promptly. See Cowart v. State, 991 So.2d at 249 (reversing judgment of forfeiture, stating: “The State, in this ease, has offered no reasonable explanation for the delay in filing the forfeiture complaint.”); and State v. Chesson, 948 So.2d at 569 (affirming a judgment dismissing forfeiture action, stating: “[T]he trial court could have reasonably dismissed the State’s complaint based on a lack of promptness because the court found that the State had failed to establish a sufficient reason for the delay in instituting the proceeding.”). Like in Adams, we hold that seven weeks “should not now be considered the time period within which to institute forfeiture proceedings pursuant to § 20-2-93.” 598 So.2d at 970. Instead, each case should be decided based on the facts and circumstances of that case. Id.
Based on the foregoing, we reverse the judgment of the trial court condemning and ordering the forfeiture of the currency, and we remand the cause for the entry of a judgment consistent with this opinion. Because our resolution of the claimants’ first argument effectively disposes of this appeal, we pretermit discussion of their remaining arguments.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. We recognize that these amounts total only $16,028. In its forfeiture petition, the State claimed that $4,500 had been seized from Harris; the trial court used that amount and, therefore, purported to condemn $16,038.