MOORE, Chief Justice
(concurring specially).
I agree with the main opinion. I write separately to clarify the implicit holding of the Court that timeliness is not an impediment in this case. Because Greenetrack, Inc., indisputably received actual notice of intent to forfeit the property at the time of the filing of the original petition, which was three weeks after the seizure, the curable defects in the filing and service of the original petition and the amended petition did not prevent the original petition from satisfying the requirement that forfeiture proceedings “shall be instituted promptly.” § 20-2-93(c), Ala.Code 1975. See Adams v. State ex rel. Whetstone, 598 So.2d 967, 970 (Ala.Civ.App.1992) (noting that “a forfeiture proceeding instituted four weeks after seizure meets the promptness requirement” of the statute).