This is an appeal by Damon Lee Kirkland from a condemnation proceeding in the Circuit Court of Houston County, wherein Mr. Kirkland's automobile was adjudged forfeited to the State of Alabama.
Title 22, § 258 (57), Code of Alabama 1940, allows law enforcement officials having probable cause to believe that a vehicle is being used in the illegal transportation of controlled substances to seize the vehicle. Vehicles thus seized may thereafter pursuant to judicial proceedings be adjudged forfeited to the state, sold, and the proceeds therefrom distributed according to the statutory scheme.
 ISSUES
Two grounds are asserted for reversal upon appeal:
(1) Admittance into evidence of marijuana in the trial court was improper, the substance having been obtained through a warrantless and, hence, illegal search, therefore vitiating the forfeiture.
(2) Title 22, § 258 (57), Code of Alabama 1940, is unconstitutional in that it allows deprivation of property without either a pre-seizure hearing or post-seizure opportunity to give bond for return of the confiscated property pending adjudication of the propriety of the seizure.
Both contentions are without merit, and the trial court's judgment is affirmed.
 FACTS
On Sunday, February 8, 1976, at approximately 11:00 A.M., Mr. Lamar Hadden, an agent with the Alabama Alcoholic Beverage Control Board in Dothan, Alabama, received a phone call from an informant. The informant stated that Mr. Kirkland, the appellant, was en route to Dothan from Orlando, Florida, in a green 1973 Vega station wagon. The informant further informed *Page 1123 
Mr. Hadden that he had seen Mr. Kirkland place a five pound bag of marijuana in the car. The informant told Agent Hadden that Mr. Kirkland had five sellers who would be selling the marijuana at $15.00 per lid.
Agent Hadden testified that he had known the informant for eight to ten years, that the informant had led Agent Hadden to make successful drug cases against individuals and that the informant had proved reliable on prior occasions.
After receiving the information from the informant, Agent Hadden made two telephone calls — one to another agent for assistance and another to the state troopers' office to obtain the license number of Mr. Kirkland's automobile. Upon receiving the latter information, Agent Hadden immediately proceeded to the highway to await Mr. Kirkland's arrival.
At approximately 2:00 P.M., Agent Hadden observed Mr. Kirkland entering the city in the green Vega station wagon. Agent Hadden followed Mr. Kirkland for a short period of time and then pulled over the station wagon. Agent Hadden then checked Mr. Kirkland's driver's license and informed Mr. Kirkland that he had information that Mr. Kirkland possessed marijuana in his car.
According to Agent Hadden, Mr. Kirkland then stated he had no marijuana in his vehicle and further told the agent to look for himself. Mr. Kirkland's testimony on this point differs from that of Agent Hadden. Mr. Kirkland said Agent Hadden ordered him to open the trunk so that the agent could conduct the search. Mrs. Kirkland, the wife of the appellant, was a passenger in the vehicle at the time of the search. Her testimony concerning consent to the search is virtually identical to her husband's.
Under the spare tire in the trunk Agent Hadden found a brown paper bag filled with marijuana.
Agent Hadden never attempted to obtain a warrant authorizing a search of the vehicle. However, he testified he did not because he had insufficient time to do so. The informant at 11:00 A.M., had told Agent Hadden that Mr. Kirkland was due in Dothan "right away." Agent Hadden feared delay might result in his not being present to intercept Mr. Kirkland upon the latter's arrival into Dothan.
The automobile was seized coincidental with the marijuana and has been in the possession of the Alabama Alcoholic Beverage Control Board since that time.
A complaint seeking forfeiture of the vehicle pursuant to Tit. 22, § 258 (57), Code of Alabama 1940, was filed on February 24, 1976, by the State of Alabama.
On May 6, 1976, a judgment ordering the vehicle forfeited to the state was entered. Mr. Kirkland's motion for a new trial was denied on May 28, 1976; and it is from the denial of that motion that he takes this appeal.
 I
As previously stated, Mr. Kirkland contests the validity of the search and seizure which yielded the marijuana. He does not assert lack of probable cause for the search of the vehicle. Rather, he maintains that absence of a warrant invalidates the search.
While a search conducted pursuant to a warrant is cast in the most favorable light, many exceptions exist wherein the law recognizes the impracticability of obtaining a warrant prior to the search. One such exception arises when there is a substantial likelihood that delay in conducting the search will result in the destruction or removal of the evidence sought to be produced by the search. Likewise, an exception is recognized where acquisition of the warrant would enable the suspect to escape.Jenkins v. State, 46 Ala. App. 719, 248 So.2d 758. See Daniels v.State, 290 Ala. 316, 276 So.2d 441; Hover v. Whittaker-WarrenAgency, 56 Ala. App. 255, 321 So.2d 213; Albert Properties, Inc.v. Cannon, 54 Ala. App. 699, 312 So.2d 392. Searches under the preceding circumstances, though warrantless, are valid if based on probable cause. The search and seizure, in *Page 1124 
this case, viewing the circumstances believed by Agent Hadden to exist at the time thereof, fall within the above enumerated exceptions.
Agent Hadden testified that the informant had not stated when Mr. Kirkland left Orlando, only that the latter was en route to Dothan. It is quite apparent that Agent Hadden reasonably believed that any delay occasioned by procurement of a warrant might result in Mr. Kirkland's slipping into Dothan unnoticed, thereby enabling him to remove the marijuana from the car. Almost immediately after receiving the information from the informant, Agent Hadden proceeded to position himself at a point on the highway where he could observe vehicles entering Dothan. Agent Hadden testified that the informant had said that Mr. Kirkland was due in Dothan "right away." His actions attest to his stated belief that time limitations precluded application for a warrant. The fact that a three hour delay ensued between Agent Hadden's receipt of the information and his apprehension of Mr. Kirkland, during which he never attempted to obtain a warrant, does not mandate invalidation of the search. We deem the facts herein to constitute "exigent circumstances" which dispense with the requirement of procurement of a warrant prior to the search. SeeDaniels, supra.
Even if the facts of this case do not constitute exigent circumstances which excuse the securing of a warrant, the search is nonetheless valid. A search warrant is unnecessary where consent to the search has been freely given. Woods v. State,57 Ala. App. 1, 325 So.2d 517, cert. denied 295 Ala. 430,325 So.2d 519; 17 Ala. Dig. Searches and Seizures 7 (27). Although no specific finding of fact regarding consent to the search was made by the trial court, the transcript of evidence reveals testimony to support such a conclusion. Agent Hadden testified that Mr. Kirkland stated, "Go ahead and search the car and look. I don't have any dope on this car." Verbal consent to a warrantless search has been sustained on another occasion under similar circumstances. Osner v. State, 54 Ala. App. 520, 310 So.2d 241, cert. denied 293 Ala. 769, 310 So.2d 247, cert. denied423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 101. The record here, as seen from above, affirmatively establishes that Mr. Kirkland's consent to the search was freely and voluntarily given, thereby dispensing with the necessity of the state's obtaining a warrant.
 II
The pertinent provisions of Tit. 22, § 258 (57), Code of Alabama 1940, the statute authorizing the seizure and forfeiture in this case, are as follows:
"(a) The following are subject to forfeiture:
. . . . .
 "(4) All conveyances, including aircraft, vehicles or vessels, which are used, . . . to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (1) or (2), . .
 "(b) Property subject to forfeiture . . . may be seized by state, county, or city law-enforcement agencies. . . . Seizures without process may be made if:
. . . . .
 "(4) The state, county, or city law enforcement agency has probable cause to believe that the property was used or is intended to be used in violation of this chapter.
 "(c) In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly.
 "(d) Property taken or detained under this section shall not be subject to replevin but is deemed to be in the custody of the state, county, or city law-enforcement agency subject only to the orders and decrees of the court having jurisdiction over the forfeiture proceedings. When property is seized under this chapter, the state, county, or city law-enforcement agency may:
"(1) Place the property under seal;
 "(2) Remove the property to a place designated by it; or *Page 1125 
 "(3) Require the state, county, or city law-enforcement agency to take custody of the property and remove it to an appropriate location for disposition in accordance with law."
The reference in (a)(4) to "property described in paragraphs (1) or (2)" is to controlled substances, in this case, marijuana.
As stated, supra, the constitutionality of the statute is questioned on two grounds. First, it is asserted that the seizure without a prior hearing is a deprivation of property without due process of law.
Such a contention has, to this court, been resolved in favor of the state by the decision of the Supreme Court of the United States in Calero-Toledo v. Pearson Yacht Leasing Co.,416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). There, after marijuana had been found aboard, a leased pleasure yacht was seized pursuant to a Puerto Rican statute providing for forfeiture of vessels used in the transportation of contraband. The statute did not provide for a preseizure hearing. The lessor-owner of the yacht contended that lack of preseizure notice and hearing constituted a denial of due process. The Court, citing Fuentes v.Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), held otherwise.
 "Fuentes reaffirmed, however, that, in limited circumstances, immediate seizure of a property interest, without an opportunity for prior hearing, is constitutionally permissible. Such circumstances are those in which
 "`the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for
 very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.' . . ." (416 U.S. at 678, 94 S.Ct. at 2089)
The Court further declared that the conditions enumerated inFuentes justifying postponement of notice and hearing were present in this case. Quoting further from Calero-Toledo, supra:
 "First, seizure under the Puerto Rican statutes serves significant governmental purposes: Seizure permits Puerto Rico to assert in rem jurisdiction over the property in order to conduct forfeiture proceedings, thereby fostering the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions. Second, preseizure notice and hearing might frustrate the interests served by the statutes, since the property seized — as here, a yacht — will often be of a sort that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given. And finally, unlike the situation in Fuentes, seizure is not initiated by self-interested private parties; rather, Commonwealth officials determine whether seizure is appropriate under the provisions of the Puerto Rican statutes. . . ." (416 U.S. at 679, 94 S.Ct. at 2089)
We deem the immediately preceding quoted language to be fully applicable to the Alabama statute here in question.
In addition to the rationale of Calero-Toledo, supra, for support of the conclusion that the Alabama statute is constitutional, federal seizure statutes nearly identical to Tit. 22, § 258 (57), Code of Alabama 1940, have on numerous occasions weathered attacks identical to those presented by Mr. Kirkland.
21 U.S.C. § 881 (a), is nearly identical to Tit. 22, § 258 (57)(a), Code of Alabama 1940. It provides for forfeiture of vehicles used in the transportation of controlled substances. Likewise, 49 U.S.C. § 781-89, is similar in import to Tit. 22, § 258 (57), Code of Alabama, but it additionally provides for seizure and forfeiture of vehicles used in the transportation of various types of contraband in addition to controlled substances; i.e., illegal firearms, counterfeit money, etc. Forfeiture proceedings under 21 U.S.C. § 881, *Page 1126 
and 49 U.S.C. § 781-89, are governed by the customs laws procedures delineated in 19 U.S.C. § 1602, et seq. 19 U.S.C. § 1602et seq., does not provide for preseizure notice and hearing.
As previously stated, numerous cases hold that the absence of preseizure notice or hearing provisions does not render this statute unconstitutional. United States v. One 1967 Porsche,Model 911 Targa, Serial Number 500-677, Motor Number 912-018,492 F.2d 893 (9th Cir. 1974); Bramble v. Richardson, 498 F.2d 968
(10th Cir. 1974), cert. denied 419 U.S. 1069, 95 S.Ct. 656,42 L.Ed.2d 665; Lee v. Thornton, 398 F. Supp. 970 (D.Vt. 1975), reversed on other grounds 420 U.S. 139, 95 S.Ct. 853,43 L.Ed.2d 85; Fell v. Armour, 355 F. Supp. 1319 (M.D.Tenn. 1972).
The import of these cases corresponds to the rationale of the Supreme Court in Calero-Toledo, supra. The predominant interest of the state in protecting the public welfare is sufficient justification to dispense with preseizure notice and hearing under circumstances requiring prompt action. We agree. Accordingly, Mr. Kirkland's first contention concerning the constitutionality of Tit. 22, § 258 (57), of the Code is without merit.
His second contention concerns the absence of a provision in Tit. 22, § 258 (57), whereby the owner of the confiscated property may post bond and secure the property for his use pending the hearing on the merits concerning the seizure. He maintains the absence of such a provision renders the statute unconstitutional. No cases devoting attention to this express point, under either Alabama or Federal law, have come to our attention. However, our reading of the cases discloses no constitutional imperative requiring such a provision.
The essence of due process requires that the aggrieved party be given a prompt opportunity to adjudicate his claims. Subsection (c) of Tit. 22, § 258 (57), Code of Alabama, requires that, "In the event of seizure pursuant to subsection (b), proceedingsunder subsection (d) shall be instituted promptly." [Emphasis supplied.] Although subsection (d) does not expressly state that judicial proceedings are necessary in all forfeiture proceedings, we deem that to be the intent of the legislature as manifested by a joint reading of Tit. 22, § 258 (57)(c) and (d). We here construe the statute to require judicial proceedings in all forfeiture actions initiated pursuant to Tit. 22, § 258 (57). Moreover, the plain language of the statute requires such proceedings to be instituted promptly.
The necessity of prompt action to adjudicate the merits of the seizure and to effectuate the forfeiture is what is constitutionally required. United States v. A Quantity of GoldJewelry, 379 F. Supp. 283 (C.D.Calif. 1974); See Lee, supra;United States v. One (1) 43 Foot Sailing Vessel, 405 F. Supp. 879
(S.D.Fla. 1975); United States v. One Volvo Sedan, L. No. 861DQF, 393 F. Supp. 843 (C.D.Calif. 1975); Boston v. Stephens,395 F. Supp. 1000 (S.D.Ohio 1975). In other words, the want of a bond provision in the statute does not render it constitutionally defective so long as it provides interested parties the right to a prompt hearing. Cf. cases cited, supra, in this paragraph.
It should be pointed out that our conclusion is supported by the analogous Federal statutory scheme. 19 U.S.C. § 1602 et seq., has no mandatory provisions whereby the owner of the property may post bond and obtain his property prior to the hearing. As already stated, the constitutionality of this statute has been repeatedly upheld. What is required under 19 U.S.C. § 1604, is that where judicial proceedings are required, they be brought "immediately." Tit. 22 § 258 (57)(c), Code of Alabama, requires that judicial proceedings be instituted "promptly." We perceive no difference in the above quoted language. Here, as seen from the above, the proceedings were instituted approximately two weeks after the service, which is clearly "prompt" or "immediate."
Due process compels a balancing between the respective interests of the parties. The state is charged with the task of providing for the welfare of its citizenry. On the other hand, the individual citizen is *Page 1127 
entitled to enjoyment of his property which is to be interrupted only in accordance with the edicts of the Constitution. Here, the individual's dominion over his property is only temporarily postponed pending the prompt initiation of judicial proceedings to determine the propriety of the seizure.
Moreover, the interruption is occasioned by the state's performance of one of its most significant functions; i.e., the enforcement of laws promoting the general welfare of the population. We do not deem this interruption to constitute an unreasonable deprivation of property forbidden by the Constitution. Hence, Mr. Kirkland's second contention is also without merit.
It follows that the judgment of the trial court is to be affirmed. It is so ordered.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.