RICHARD L. HOLMES, Retired Appellate Judge.
This appeal involves a forfeiture proceeding filed pursuant to Ala.Code 1975, § 20-2-93.
The record reveals that on January 5, 1989, Neuman Allen Reed was arrested in his motel room in Jefferson County, Alabama. At the time of Reed’s arrest, cocaine, marijuana, valium, and $17,636 in United States currency were found in his motel room. These items were seized.
Subsequent to his arrest, Reed was placed in the county jail under the custody of the Jefferson County Sheriffs Department. He *901 was placed under a $1,000,000 bond, pursuant to the pending drug-related charges. Reed was unable to post bond, and he remained in the county jail until he was convicted and sentenced on the drug-related charges. The sentencing occurred on November 9, 1989. Thereafter, Reed was transferred to the Kil-by Correctional Facility.
On February 23, 1989, the State of Alabama (State), through the District Attorney of Jefferson County, filed a petition, pursuant to Ala.Code 1975, § 20-2-93(a)(4). In its petition, the State sought to have the currency, which was in the possession of Reed at the time of his arrest, declared contraband and forfeited to the State. The currency was declared contraband and was condemned and forfeited to the State by an order dated May 13, 1989, and by an amended order dated June 1, 1989.
On August 16, 1993, Reed was residing at the Limestone Correctional Facility. On that date, Reed, appearing pro se, filed a motion for relief from judgment, pursuant to Rule 60(b)(4), A.R.Civ.P. As grounds for his motion, Reed stated that he was never properly served with a copy of the State’s petition to have the currency forfeited to the State. Reed further contends that because he never received notice of the petition, he was denied the opportunity to contest the petition. The petition filed by the State shows his address as 12325 Arbor Place, Los Angeles, California 90044. In fact, as indicated, at the time the petition was filed, Reed was incarcerated in the county jail.
After a hearing, the trial court granted Reed’s motion and vacated the court’s orders dated May 13, 1989, and June 1, 1989. Thereafter, Reed filed a motion to dismiss the State’s petition to have the currency forfeited to the State on the grounds that the petition did not meet the promptness requirement of Ala.Code 1975, § 20-2-93(e). After a hearing, the trial court granted additional time for the State to file a brief responding to the issues. Thereafter, the trial court issued an order, granting Reed’s motion to dismiss and ordering the State to restore the currency to Reed.
The State appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Section 20-2-93(c) provides, in pertinent part, that “[i]n the event of seizure ... [forfeiture] proceedings ... shall be instituted promptly.” (Emphasis added.)
Our supreme court in Reach v. State, 530 So.2d 40, 41 (Ala.1988), stated that “[t]he mandate in the statute that forfeiture proceedings be instituted promptly is necessary to the statute’s constitutionality.” (Emphasis in original.) Our supreme court also stated that § 20-2-93 places an affirmative duty upon the State to institute the forfeiture proceeding promptly and that “a forfeiture proceeding not ‘instituted promptly’ is ineffectual.” Reach, 530 So.2d at 41. The term “promptly” has been construed to mean within a reasonable time in light of all the circumstances. Moynes v. State, 555 So.2d 1086 (Ala.Civ.App.1989).
The dispositive issue is whether, under the facts of the present case, the trial court erred when it dismissed the State’s forfeiture petition on the grounds that the State failed to meet the promptness requirement of § 20-2-93(e) due to the delay caused by the State’s failure to serve Reed properly.
The order of the trial court dismissing the State’s petition provided in pertinent part:
“In order to afford Reed due process of law, the State of Alabama had the affirmative duty of serving him with a copy of the petition seeking forfeiture of the $17,636.00 U.S. currency by serving a copy of the petition on him when his whereabouts were known or readily ascertainable by the exercise of reasonable diligence. In this instance, the District Attorney could have easily ascertained that Reed was incarcerated in the Jefferson County Jail and could have personally served him with a copy of its petition. Its failure to do so cannot be attributed to any fault on the part of Reed.
“As stated in Reach, [530 So.2d 40], Reed had no statutory duty to request the return of his currency. The statute placed the affirmative duty on the State to institute the forfeiture proceedings. Because of the failure to properly serve Reed, a *902 period of more than four years, eleven months elapsed during which time Reed was deprived of his right to these funds.
“For the purposes of the determination made in this case, the petition filed by the State of Alabama cannot be considered as having been filed promptly.”
The Supreme Court made the following statement in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950): “An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Emphasis added.) Further, the Supreme Court made the determination in Mullane, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, that if an individual’s name and address are either known or readily ascertainable, then notice by publication is not sufficient.
The Supreme Court cited Mullane, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, and its rationale in Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972). Robinson involved a forfeiture proceeding of an automobile used in connection with an armed robbery. Robinson was arrested for armed robbery and thereafter remained in the Cook County jail awaiting trial on the charges. During the time that Robinson was awaiting trial, the State of Illinois mailed notice of the pending forfeiture proceedings to Robinson’s home address, rather than to the Cook County jail. The circuit court in Cook County ordered forfeiture of the automobile. When Robinson learned of the forfeiture, he filed a motion, requesting that the forfeiture be set aside because the manner of notice did not comply with due process requirements.
The Supreme Court made the following pertinent statements:
“In the instant case, the State knew that [Robinson] was not at the address to which the notice was mailed and, moreover, knew also that [Robinson] could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was ‘reasonably calculated’ to apprise [Robinson] of the pendency of the forfeiture proceedings.”
Robinson, 409 U.S. at 40, 93 S.Ct. at 31-32.
In the present ease Reed was arrested on January 5,1989, and the currency was seized at that time. The forfeiture proceedings were not instituted until February 23, 1989, seven weeks after the currency was seized. When the State filed its forfeiture petition, it listed Reed’s address as 12325 Arbor Place, Los Angeles, California 90044. We would note that the State asserts in its brief on appeal that such address was “provided [as] Reed’s known address ... so that Reed could be served with notice of the pending action.” However, at the time that the petition was filed, the State should have been aware, or could have easily ascertained, that R'eed was not at the Los Angeles, California, address, but was incarcerated in the Jefferson County jail, awaiting trial on the drug-related charges.
On March 3, 1989, eight days after the petition was filed, the trial court issued an order, which provided April 10, 1989, as the hearing date and directed the clerk of the court to “give notice in some newspaper published in Jefferson County, Alabama, once a week for three consecutive weeks.” The notice was published in the Alabama Messenger on March 11, 18, and 25, 1989.
In light of Robinson, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47, and Mullane, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, the notice in this case was insufficient and was not reasonably calculated to apprise Reed of the pending action and, as such, violated Reed’s due process rights.
The State argues that while it may have failed to serve Reed properly, this should not be considered to be a failure on the part of the State to comply with the promptness requirement of § 20-2-93(c).
Rule 3(a), A.R.Civ.P., provides that “[a] civil action is commenced by filing a complaint with the court.” Our supreme court stated in Thompson v. E.A Industries, Inc., 540 So.2d 1362, 1363 (Ala.1989), that “two *903 elements are required in order to satisfy the Rule 3 filing requirements ... 1) the actual filing of an action with the appropriate court, and 2) the intention of having process served.” (Emphasis added.) The State contends that it satisfied both of these requirements and, therefore, promptly instituted the forfeiture proceedings.
However, we cannot agree with the State’s contention. As indicated above, Reed’s address, as stated in the petition, was not his current location, and the State was either aware of that fact or could have easily ascertained that fact. Therefore, we cannot agree that the State had “the intention of having process served” when it filed the forfeiture petition which listed an incorrect address for Reed.
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.