MURDOCK, Judge.
On May 5, 2000, the State of Alabama, on the relation of the district attorney of the Sixth Judicial Circuit, filed a complaint in the Tuscaloosa Circuit Court requesting the trial court to declare $3,011 in United States currency to be contraband and to condemn and forfeit the currency, pursuant to § 20-2-98, Ala.Code 1975. That currency had been seized on April 25, 2000, by a law-enforcement officer during a search of premises located at 715-B Dogwood Lane in Tuscaloosa and a search of John Alexander Robertson, Jr., the alleged owner of the premises, incident to his arrest on drug-related charges. According to the State’s complaint, the money seized was “furnished or intended to be furnished ... in exchange for a controlled substance” in violation of Alabama laws concerning controlled substances, and the money was therefore to be forfeited.
Although Robertson had been placed in the Tuscaloosa County jail as a result of the arrest incident to the seizure of the currency at issue, the State attempted to serve a copy of the summons and complaint upon Robertson at 715-B Dogwood Lane in Tuscaloosa on May 9, 2000. That attempt was unsuccessful, and the sheriff noted on the return-of-service form that Robertson could not be served because Robertson did not reside at the address given. The trial court then sent notice to the State that the case would be set for dismissal on September 20, 2000.
In June 2000, Robertson was again arrested and was incarcerated in the Tuscaloosa County jail. The record indicates that this second arrest was incident to four criminal charges originally brought by the State against Robertson in 1995 and 1996, although the nature of those charges is unclear. On September 19, 2000, Robertson filed a motion in those cases seeking a temporary release from the Tuscaloosa County jail so that he could attend the birth of his child at a local hospital; a copy of that motion was served on the State by United States mail.
Also on September 19, 2000, the State filed an “alias summons” in the trial court, again directing that service on Robertson be made at 715-B Dogwood Lane in Tuscaloosa, despite his incarceration in the county jail. On the next day, September 20, 2000, the trial court entered a judgment of dismissal on the case action summary sheet in the forfeiture case, noting that no one had appeared that day to show cause why the case should not be dismissed for want of prosecution. However, the trial court later crossed out its judgment of dismissal and placed an entry on the case action summary sheet noting that the State had filed an alias summons and that the case would be continued for 60 days. However, the State’s second service attempt, like its first, failed, and the trial court again set the case for a hearing on its dismissal docket to take place on November 20, 2000.
On November 8, 2000, the State filed a motion to serve Robertson by publication. In support of its motion, the State filed an affidavit of the assistant district attorney for Tuscaloosa County, indicating that the State had been unable to perfect service of process, that Robertson’s current address was unknown to her, and that that address “[could not] be ascertained by reasonable diligence.” The trial court ordered that the State could serve Robertson by publication pursuant to § 28-4-286, Ala. Code 1975.[1] Notice of the forfeiture proceeding *813 was published in a general-circulation newspaper in Tuscaloosa County for four consecutive weeks on November 18, November 25, December 2, and December 9, 2000.
On December 18, 2000, an attorney for Robertson filed a notice of appearance in the forfeiture action, and the State was served with a copy of that notice. On January 12, 2001, Robertson filed a motion to quash service of process, to dismiss the action based upon the alleged insufficiency of process and the alleged insufficiency of service of process, and, alternatively, to reinstate the trial court’s judgment of dismissal for lack of prosecution. In that motion, Robertson averred, among other things, that he had been incarcerated since June 20, 2000; that he had appeared at various court proceedings at which personnel of the district attorney’s office had appeared; that his name had appeared on a list of inmates provided to the district attorney’s office; that that office had received various filings, including his September 19, 2000, request to be released to attend his child’s birth; that his location (i.e., the county jail) was “objectively capable of being ascertained”; and that service by publication was insufficient to sustain jurisdiction. That motion was served on' the State by United States mail.
On January 26, 2001, the State filed a motion for a default judgment, supported by an affidavit of the assistant district attorney. Although Robertson had appeared in the action and had moved to dismiss it, the State’s supporting affidavit stated that Robertson had “failed to answer or otherwise defend.” Moreover, the State’s motion was not served upon Robertson’s counsel, who had been of record for over a month at that time. On February 2, 2001, Robertson responded to the State’s motion and requested that the trial court deny it. However, at a hearing on February 22, 2001, the State withdrew its default-judgment motion; after that hearing, the trial court entered an order on the case action summary sheet noting that Robertson was “in jail” and directing the State to serve him within 30 days. Robertson was then served, and he filed an answer on March 19, 2001, denying that the currency was subject to forfeiture.
The trial of the case was set for April 26, 2001. Two days before the trial, Robertson filed a motion for a judgment on the pleadings (see Rule 12(c), Ala. R. Civ. P.), contending, among other things, that the 10-month delay between the action’s filing and service of process violated the provisions of § 20-2-93, Ala.Code 1975, in that the proceedings were not “promptly” instituted. Robertson’s motion relied principally upon State v. $17,636 in United States Currency, 650 So.2d 900 (Ala.Civ.App.1994). The trial court denied Robertson’s motion on April 26, 2001, before testimony was given; after an ore tenus proceeding, the trial court entered a judgment in favor of the State, awarding the currency to the State’s designee for law-enforcement purposes.
Robertson appeals, contending that the proceedings were not “promptly” instituted and that the evidence does not support the judgment declaring the currency forfeited. The State contends that Robertson’s issues were not preserved, as well as that the trial court’s judgment is legally correct. We note that where, as here, the trial court entered its judgment after hearing disputed oral testimony, the ore tenus standard applies to our review of the trial court’s findings of fact, and we will not disturb its judgment based on *814 those findings unless those findings are plainly and palpably wrong and not supported by the evidence. Aetna Cas. & Sur. Co. v. Mitchell Bros., Inc., 814 So.2d 191, 194-195 (Ala.2001). The ore tenus rule does not, however, extend to cloak a trial judge’s conclusions of law or incorrect application of law to the facts with a presumption of correctness. Id.
Ala.Code 1975, § 20-2-93(a)(4), specifies that “[a]ll moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state” or “used or intended to be used to facilitate any violation of any law of this state concerning controlled substances” are subject to forfeiture. Under § 20-2-93(b), property subject to forfeiture may be seized by state, county, or municipal law-enforcement agencies; however, in the' event of such a seizure, § 20-2-93(e) provides that forfeiture proceedings “shall be instituted promptly ” (emphasis added).
The Alabama Supreme Court, in Reach v. State, 530 So.2d 40 (Ala.1988), explained the significance of the statutory promptness requirement:
“The mandate in the statute that forfeiture proceedings be instituted promptly is necessary to the statute’s constitutionality. See Kirkland v. State ex rel. Baxley, 340 So.2d 1121 (Ala.Civ.App.1976), cert. denied, 340 So.2d 1127 (Ala.1977). The statute contains no provision whereby the owner of a seized [article] may post a bond and secure the use of his [article] pending a hearing on the merits concerning the seizure. Indeed, § 20-2-93(d) provides:
“ ‘Property taken or detained under this section shall not be subject to replevin but is deemed to be in the custody of the state, county or municipal law enforcement agency subject only to the orders and judgment of the court having jurisdiction over the forfeiture proceedings.’ (Emphasis supplied.)
“In Kirkland, the Court of Civil Appeals held that the absence of a bond provision did not render the statute unconstitutional because the statute provided that proceedings ‘shall be instituted promptly.’ Kirkland, 340 So.2d at 1126 [ (emphasis added in Reach) ].
“ ‘Due process compels a balancing between the respective interests of the parties. The state is charged with the task of providing for the welfare of its citizenry. On the other hand, the individual citizen is entitled to enjoyment of his property which is to be interrupted only in accordance with the edicts of the Constitution. Here, the individual’s dominion over his property is only temporarily postponed pending the prompt initiation of judicial proceedings to determine the propriety of the seizure.’
“Kirkland, 340 So.2d at 1126-27. Inherent in the Kirkland court’s finding of constitutionality is the state’s adherence to the mandate that all forfeiture proceedings be instituted promptly. Thus, a forfeiture proceeding not ‘instituted promptly’ is ineffectual.”
Reach, 530 So.2d at 41; accord, Lightfoot v. Floyd, 667 So.2d 56, 66 (Ala.1995). As the Supreme Court noted in Lightfoot, “[w]hat is ‘prompt’ is decided on the facts of a given case, but a fairly short time frame,” i.e., less than 7 to 10 months, “is evident from the cases addressing the issue.” 667 So.2d at 66 (collecting cases).
In State v. $17,636, upon which Robertson principally relies, this court considered the question of what actions on the part of the State will be considered “institution” of forfeiture proceedings within the meaning of “shall be instituted promptly.” The facts of $17,636 closely resemble those in this present appeal. In $17,636, the cur *815 rency at issue was seized in Jefferson County on January 5, 1989, at the time of the arrest of the claimant of the currency; after his arrest, the claimant was confined to the Jefferson County jail. In late February 1989, the State filed a petition seeking to have the currency forfeited to the State; that petition identified the claimant as living in California. Eight days after the petition was filed, the trial court directed the clerk to give notice of the proceeding in a local newspaper for three weeks; however, despite the claimant’s presence in the county jail, no effort was made by the State to effect personal service of the petition on the claimant. The trial court entered a final forfeiture judgment in June 1989, but set that judgment aside and dismissed the action when the claimant moved for relief from the judgment four years later.
Although the State appealed from the dismissal of the forfeiture action, claiming that it had complied with § 20-2-93, this court affirmed the trial court’s judgment of dismissal. We identified the pertinent question as being “whether ... the trial court erred when it dismissed the State’s forfeiture petition on the grounds that the State failed to meet the promptness requirement of § 20-2-93(e) due to the delay caused by the State’s failure to serve [the claimant] properly.” 650 So.2d at 901. We also noted that the trial court had determined that as a matter of due process, the State “ ‘had the affirmative duty of serving [the claimant] with a copy of the [forfeiture] petition ... by serving a copy of the petition on him when his whereabouts were known or readily ascertainable by the exercise of reasonable diligence,’ ” and that the State’s attorney in that case “‘could have easily ascertained that [the claimant] was incarcerated in the Jefferson County Jail and could have personally served him with a copy of [the] petition.’ ” Id.
Citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), we agreed with the trial court that the issuance of publication notice was not reasonably calculated to apprise the claimant of the pending forfeiture action. 650 So.2d at 902. Further, we rejected the State’s argument that its failure to properly serve the claimant did not amount to a failure to comply with the prompt-institution requirement of § 20-2-93(c), noting that both the filing of an action with the appropriate court and the intention of having process served were required to “institute” forfeiture proceedings; we noted that the California address given for the claimant in the petition was not his current location and that the State “was either aware of that fact or could have easily ascertained that fact.” 650 So.2d at 903.
The State contends that Robertson has not preserved, for appellate review, any failure on its part to promptly initiate forfeiture proceedings because he accepted personal service after February 22, 2001, and because, the State says, there was no adverse ruling on the promptness issue. We disagree. As we have noted, Robertson, even after having accepted service of process after the trial court’s order of February 22, 2001, sought a judgment in his favor pursuant to Rule 12(c), Ala. R. Civ. P., on the basis that the State had not complied with the prompt-institution requirement of § 20-2-93(c). The trial court denied that motion before it heard evidence at an ore tenus hearing on April 26, 2001. The trial court’s adverse ruling on that motion is an “order[] or ruling of the trial court” as to which Robertson may seek review on appeal from the final judgment of forfeiture. See Rule 4(a)(1), Ala. R.App. P.; accord, Rule 3(c), Ala. R.App. *816 P. (designation of judgment for review in notice of appeal shall not limit scope of appellate review).
The State also asserts that its filing of a forfeiture complaint 10 days after Robertson’s arrest and the seizure of the money in question is sufficient to fulfill § 20-2-93(c). In light of $17,636, we cannot accept the underlying premise of this argument, i.e., that mere filing of a complaint will fulfill the prompt-institution requirement in § 20-2-93(c). Indeed, the State appears to concede that $17,636 espoused the contrary position, but contends that $17,636 “should not be applied in this case” because, it says, Robertson’s acceptance of service “ ‘technically’ started the service of process anew” and “eliminated any argument [Robertson] had about not being served properly and promptly.”
As for the first of these contentions, we are at a loss to grasp the legal significance of Robertson’s having “accepted” service after February 22, 2001, which was approximately 10 months after the currency was seized. By that point, the State had made two unsuccessful attempts, in May 2000 and in September 2000, to serve Robertson personally at 715-B Dogwood Lane. However, the State knew or should have known in June 2000 and no later than September 19, 2000, when he filed a motion seeking a temporary release to be with his wife as she gave birth and served a copy of that motion on the State that Robertson had been incarcerated in the Tuscaloosa County jail. The State did not make any attempt thereafter to serve Robertson in a manner calculated to effect successful personal service until after the trial court’s February 22, 2001, order — five months later. As to the second contention of the State, whether a claimant happens to accept personal service many months after the State has seized allegedly forfeited property is irrelevant to the question whether the State, under the principles espoused in $17,636, actually instituted the proceedings in a timely manner.
As we have noted, the Supreme Court in Reach espoused the view that the prompt-institution-of-proeeedings requirement of § 20-2-93(c) is necessary to the constitutional exercise of the State’s power to interfere with the property rights of its citizens by seizing their property without the possibility of its release by the giving of a bond. The bare filing of a complaint seeking forfeiture, while a necessary component of instituting a forfeiture proceeding, does not alone constitute institution of such a proceeding. Instead, the State’s formal filing without undertaking reasonable efforts to effect personal service upon Robertson, whose location at the time was easily ascertainable by the State, implicates the same policy concerns enumerated in Reach. Thus, we must come to the same conclusion that we did in $17,636: that the State has not demonstrated that it had the requisite intention of having process served within a reasonable time after filing its forfeiture complaint.
We conclude that the trial court erred, as a matter of law, in denying Robertson’s motion for a judgment on the pleadings based upon the State’s failure to promptly institute the forfeiture action as to the currency at issue.[2] We reverse the trial court’s judgment in favor of the State, and remand the cause for the entry of a judgment consistent with this opinion.
*817 REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. Subsection (h) of Ala.Code 1975, § 20-2-93, the statute governing controlled-substance *813 forfeiture proceedings, incorporates by reference the procedures set forth in § 28-4-286 through § 28-4-290, which deal with forfeitures arising from violations of laws governing alcoholic beverages.

. Robertson’s second issue, which concerns whether the trial court’s judgment was contrary to the great weight of the evidence presented at trial, is thus moot.