PER CURIAM.
Joe Looney, Jr., who is currently incarcerated at the Bibb Correctional Facility, appeals from a judgment denying his motion for relief from an underlying judgment ordering the forfeiture of $680 in United States currency. Looney filed his motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., alleging that he had not received notice of the underlying forfeiture action, in violation of his right to due process. Therefore, he contended, the forfeiture judgment was void.
The record indicates the following. On May 22, 2008, the Ashville Police Department executed a search warrant at Looney’s house in connection with a narcotics investigation. As a result of the search, *295 police seized $680 in United States currency and two shotguns. Looney, who was on parole at the time,[1] was arrested and taken to the St. Clair County jail. He remained in the jail until June 28, 2008, when he was transferred to Kilby Correctional Facility because his parole had been revoked.
On July 22, 2008, the State of Alabama filed a civil forfeiture action relating to the seized currency and shotguns. The record indicates that the complaint was “served” on Looney at his Ashville address and that Lance Bell, listed on the case-action summary as Looney’s attorney, also accepted the forfeiture complaint. Notice regarding the forfeiture hearing was also published in a St. Clair County newspaper.
The hearing was held as scheduled on October 28, 2008. Looney was not present, and no one appeared on his behalf. After the hearing, the trial court ordered that the $680 and the shotguns seized at Looney’s house be forfeited to the Ashville Police Department for use by law enforcement.
More than a year later, on January 15, 2010, Looney mailed a letter to the St. Clair Circuit clerk’s office from the Bibb Correctional Facility, where he apparently had been transferred since being taken to the Kilby Correctional Facility, requesting information about the forfeiture of his vehicle and asking for notice of any forfeiture hearing regarding the vehicle.[2]- In response to Looney’s letter, the clerk’s office provided him with the record in this case. On February 20, 2010, Looney filed a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking to have the forfeiture judgment set aside because, he said, he had not been served with the complaint and, thus, had not had notice of the forfeiture proceedings against him. He pointed out that he could not have been served at his house because he had been incarcerated since his arrest at the time the search warrant was executed. He also pointed out that the State was aware that he was incarcerated but that it made no effort to serve him at the jail where he had been taken initially or at the prison where he had been transferred. Looney also asserted that the forfeiture proceedings were not instituted promptly.
On March 29, 2010, the trial court entered a judgment stating that “[a]n examination of the Court record shows that there was proper service of the notice of claim by the St. Clair County Sheriffs Department” and denying Looney’s Rule 60(b)(4) motion. Looney, appearing pro se, appeals.
The State asserts that “[t]he facts of this case were received ore tenus” and that, therefore, this court is to apply the ore tenus standard of review to determine whether the denial of Looney’s Rule 60(b)(4) motion was proper. We note that nothing in the record indicates that ore tenus evidence was taken in connection with Looney’s motion. In fact, the trial court’s order explicitly states that it examined the record to determine whether Looney had been properly served with the complaint in the underlying forfeiture proceeding. The language of the trial court’s judgment indicates that the decision to deny Looney’s motion was based solely upon documents in the record. According *296 ly, the ore tenus standard of review has no application in this case.
Furthermore, as our supreme court stated in Nationwide Mutual Fire Insurance Co. v. Austin, 34 So.3d 1238, 1242 (Ala.2009), the opinions of our appellate courts recognize that, when relief is sought under Rule 60(b)(4), a de novo standard of review is applied. “This is so because the issue of jurisdiction raised in a Rule 60(b)(4) motion is a purely legal one.” Id. See, e.g., Duncan v. S.N., 907 So.2d 428, 430 (Ala.2005) (de novo review applied in determining whether an inmate had been served properly with a summons and complaint). The proper standard of review of the denial of a Rule 60(b)(4) motion is as follows:
“ ‘ “The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.” ’ ”
Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003) (quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991))); Ex parte N.B., [Ms. 1080440, June 30, 2010] — So.3d -, - (Ala.2010).
The State contends that the judgment denying relief from the underlying forfeiture judgment is due to be affirmed because, it says, Looney’s challenge to the forfeiture judgment is untimely. In its brief, the State writes: “Rule 60(b), [Ala.] R. Civ. P., provides that challenges under Rule 60(b)(4), [Ala.] R. Civ. P., shall ‘not be made moré than four months after the judgment, order, or proceeding was entered or taken.’ ” In fact, however, Rule 60(b) provides that a motion filed pursuant to the rule “shall be made within a reasonable time, and for reasons [set forth in Rule 60(b) ](1), (2), and (3)[3] not more than four (4) months after the judgment, order, or proceeding was entered or taken.” Clearly, Looney’s Rule 60(b)(4) motion was not filed pursuant to reasons (1), (2) or (3), but pursuant to reason (4), i.e., that the judgment is void. “ ‘As a nullity, a void judgment has no effect and is subject to attack at any time.... [A] motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b).’ Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 643 (Ala.2003).” Milloy v. Woods, 23 So.3d 48, 51 (Ala.Civ.App.2009). Well settled law renders meritless the State’s assertion that Looney’s request for relief from the forfeiture judgment, filed pursuant to Rule 60(b)(4), was untimely.
As mentioned, Looney contends that the forfeiture judgment is void because he was deprived of his due-process right to notice of the forfeiture proceedings. This court recently addressed whether a failure to afford due process to a defendant results in a void judgment.
“ ‘ “[I]t is established by the decisions in this and in Federal jurisdictions that due process of law means *297 notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.”
“ ‘Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940) (emphasis added). The rule that a want of due process, so defined, voids a judgment is not redundant with the rule that a want of personal jurisdiction likewise voids a judgment, for a person already effectively made a party to litigation could, on some critical motion or for some critical proceeding within that litigation, be deprived of the “notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing,” required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Frahn, supra. See Winhoven v. United States, 201 F.2d 174 (9th Cir.1952), Bass v. Hoagland, 172 F.2d 205 (5th Cir.1949), Cassioppi [v. Damico, 536 So.2d 938 (Ala.1988) ], and Seventh Wonder [v. Southbound Records, Inc.], [364 So.2d 1173 (Ala.1978) ].’
“Neal [v. Neal], 856 So.2d [766] at 781-82 [ (Ala.2002) ].
“In Frahn v. Greyling Realization Corp., our supreme court noted:
“ ‘It was observed in Evans v. Evans, 200 Ala. 329, 76 So. 95 [ (1917) ], that such are the requirements of due process, being the fundamental conditions universally prescribed in a system of laws established and all state laws, statutory and judicially declared, regulating procedure, evidence and method of trials, which must be consistent with such requirements of the constitutions. Such rule is stated as follows in 6 R.C.L. § 442, p. 446: “... In fact one of the most famous and perhaps the most often quoted definition of due process of law is that of Daniel Webster in his argument in the Dartmouth College case (Dartmouth College v. Woodward, 4 Wheat. 518, 4 U.S. (L.Ed.) 629 [ (1819) ]), in which he declared that by due process of law was meant ‘a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.’ (Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 27 U.S. (L.Ed.) 552 [ (1883) ].) Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity (to be heard) wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered. (Galpin v. Page, 18 Wall. 350, 21 U.S. (L.Ed.) 959 [ (1873) ]; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 U.S. (L.Ed.) 215 [ (1897) ]; Ferry v. Campbell, 110 Iowa 290, 81 N.W. 604, 51 L.R.A. 92 [ (1900) ]).” (Parenthesis supplied.)’
“239 Ala. 580, 583, 195 So. 758, 761 (1940).”
M.H. v. Jer. W., 51 So.3d 334, 337-38 (Ala.Civ.App.2010).
Looney asserts that the State’s attempt to serve the complaint at his house did not constitute proper service because, as he points out, he was in jail at the time; therefore, the State knew, or should have known, that he was not at his house. In support of his assertion, Looney relies on State v. $17,636 in United States Currency, 650 So.2d 900 (Ala.Civ.App.1994). In that case, police seized illegal drugs and *298 $17,686 in cash discovered in Neuman Allen Reed’s motel room, where he was arrested on drug-related charges. Upon his arrest, Reed was placed in the Jefferson County jail until his trial, when he was convicted of the drug charges. Reed was sentenced to prison and transferred to the Kilby Correctional Facility. Id. at 900-01.
While Reed was in the Jefferson County jail, the State filed a petition seeking forfeiture of the cash, and the trial court granted the petition. Four years after the forfeiture, Reed filed a Rule 60(b)(4) motion for relief from the forfeiture judgment on the ground that he was never properly served with the petition and that the forfeiture petition had not been timely filed so as to meet the promptness requirement of § 20-2-93(c), Ala.Code 1975. Id. at 901.
Reed was arrested and the currency was seized on January 5, 1989. The forfeiture proceedings were instituted on February 23, 1989. When the State filed the forfeiture petition, prosecutors listed Reed’s home address as his residence in Los An-geles, California, even though they knew, or should have known, that he was being held in the Jefferson County jail awaiting trial for the drug charges arising from the same search during which the currency had been seized. Id. at 901.
This court determined that serving Reed at his Los Angeles address and the notice of the forfeiture hearing by publication were insufficient because such notice was not reasonably calculated to apprise Reed of the pending action. In reaching its holding, this court relied on two similar cases decided by the United States Supreme Court, stating:
“The Supreme Court made the following statement in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950): ‘An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them, an opportunity to present their objections.’ (Emphasis added.) Further, the Supreme Court made the determination in Mullane, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, that if an individual’s name and address are either known or readily ascertainable, then notice by publication is not sufficient.
“The Supreme Court cited Mullane, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, and its rationale in Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972). Robinson involved a forfeiture proceeding of an automobile used in connection with an armed robbery. Robinson was arrested for armed robbery and thereafter remained in the Cook County jail awaiting trial on the charges. During the time that Robinson was awaiting trial, the State of Illinois mailed notice of the pending forfeiture proceedings to Robinson’s home address, rather than to the Cook County jail. The circuit court in Cook County ordered forfeiture of the automobile. Wfiien Robinson learned of the forfeiture, he filed a motion, requesting that the forfeiture be set aside because the manner of notice did not comply with due process requirements.
“The Supreme Court made the following pertinent statements:
“ ‘In the instant case, the State knew that [Robinson] was not at the address to which the notice was mailed and, moreover, knew also that [Robinson] could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to *299 provide notice which was “reasonably calculated” to apprise [Robinson] of the pendency of the forfeiture proceedings.’
“Robinson, 409 U.S. at 40, 93 S.Ct. at 31-32.”
Id. at 902.
The Supreme Court’s holdings in Mudlane v. Central Hanover Bank & Trust, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), are equally applicable in this case. Looney was arrested at the same time that the $680 was seized. He was held in the St. Clair County jail from the time of his arrest until he was transferred to the Kil-by Correctional Facility for violating his parole. As was the case in both State v. $17,636 in United States Currency and Robinson, in this case the State knew or should have known that Looney was not at the address listed as his residence in the forfeiture petition, and, further, it knew or should have known that Looney could not get to that address because, at the time the forfeiture petition was served at his residence, he was confined in the Kilby Correctional Facility. We find the circumstances in this case to be indistinguishable from those in State v. $17,636 in United States Currency and in Robinson.
In its brief, the State claims that this ease is distinguishable from State v. $17,636 in United States Currency. The State argues that, “[h]ere, Looney was served with notice on July 22, 2008 (personal); July 24, 2008 (attorney), and August 28, 2008 (publication).” The State asserts, without citing to any evidence, that Looney had knowledge of the petition. It then states that his attorney of record accepted service. We fail to see how this brief explanation in any way distinguishes Looney’s case from State v. $17,636 in United States Currency as to the purported service on Looney at his Ashville address or service by publication. The record indicates that on July 22, 2008, when the State claims Looney was served at his house in Ashville, Looney was incarcerated in the Kilby Correctional Facility in Montgomery County. Likewise, when notice of the forfeiture hearing was published in a St. Clair County newspaper, Looney was incarcerated in Montgomery County. As in State v. $17,636 in United States Currency, under the circumstances in this case, it cannot be said that the State made any effort to provide personal service or notice by publication that was “reasonably calculated” to apprise Looney of the pen-dency of the forfeiture proceedings. Furthermore, we note that Rule 4(c)(5), Ala. R. Civ. P., provides that service of process on a person incarcerated in any penal institution or detention facility within Alabama, as Looney was when the forfeiture petition was filed, shall be made by serving the individual, thus precluding valid service by publication.
As to serving the petition on Looney’s “attorney of record,” the State has failed to cite a legal basis for its claim that providing a copy of a summons and complaint to a party’s attorney, without more, constitutes proper service. Rule 4(c)(5), Ala. R. Civ. P., does not specifically authorize an attorney for an incarcerated person to accept service on behalf of that person. Furthermore, as of August 1, 2004, Rule 4(h), Ala. R. Civ. P., was amended so that it no longer explicitly authorizes an attorney to accept or waive service of process on behalf of a defendant.
Even if we were to give the State the benefit of reading Rule 4(c)(5) in conjunction with Rule 4(c)(1), which provides that, in the case of an individual, service may be perfected by “delivering a copy of the summons and the complaint to an agent authorized by appointment or by law *300 to receive service of process,” there is no evidence in the record indicating that Looney authorized Bell to receive service on his behalf.
In Colvin v. Colvin, 628 So.2d 802 (Ala.Civ.App.1993), decided under the former version of Rule 4(h), this court considered whether an attorney for one of the parties in a divorce action was “an agent authorized by appointment or by law to receive service of process” for purposes of Rule 4(c)(1), Ala. R. Civ. P. In Colvin, the case-action summary indicated that Ed Massey, the wife’s attorney, had accepted service. Although it is not clear from the opinion, apparently at some point after the “service” of the complaint and summons, Massey filed a motion to withdraw from the case, and no other responsive pleading, motion, answer, or waiver of notice appeared in the record. Colvin, 628 So.2d at 802. This court concluded that, under the circumstances, Massey was not an agent authorized to accept service pursuant to Rule 4(c)(1) and, therefore, that the default judgment entered against the wife was void. We explained the holding as follows:
“There is no credible evidence in the record reflecting an appointment of Massey as agent for the wife for purposes of service of process, nor are we cited to any rule or law whereby he is ‘authorized by ... law5 to accept service of process for his client, other than in accordance with Rule 4(h). We note with interest the Committee Comments on the amendment of Rule 4(c)(1), viz:
“ ‘The committee notes that courts should be vigilant to protect the rights of defendants when default judgments are entered on the basis of service upon an agent of the defendant. On motion to set aside a default or on motion for relief from a default, where service has been attempted on a person alleged to be or purporting to be an agent, no presumption of agency should be indulged in with respect to such service and the court should be satisfied that the person upon whom service was attempted was in fact the authorized agent of the defendant before refusing to grant relief from a default judgment.’
“This is in keeping with the many prior decisions of this court holding that default judgments are not favored by the courts, and that discretion to grant same should be resolved in favor of the defaulting party when there is doubt as to the propriety thereof. Rules 55(c), 60(b), [Ala.] R. Civ. P.; Williams v. Curry, 455 So.2d 43 (Ala.Civ.App.1984).
“Neither the Alabama Code nor our Rules of Civil Procedure authorize process service on the defendant’s attorney unless performed in compliance with Rule 4(h), Singleton v. Allen, 431 So.2d 547 (Ala.Civ.App.1983), or unless there is credible evidence of the appointment of the attorney as agent for purposes of service of process, or that he is authorized by law in accordance with Rule 4(c)(1) as amended by the Rules Committee in 1992.”
Colvin, 628 So.2d at 803 (emphasis added).
In this case, the record contains no evidence indicating that Looney appointed Bell as his agent for purposes of service of process. Bell did not enter an appearance in the forfeiture action, and no responsive pleadings were filed. Looney asserts that Bell was never hired or appointed to represent him in the civil forfeiture action. In fact, in May 2010, Bell notified the court that he was not representing Looney in the civil forfeiture action. Likewise, the State has not cited any rule or statute pursuant to which Bell was authorized by law to accept service of process on behalf of Looney.
*301 Based on the authorities previously cited, we conclude that Looney’s right to due process was violated because none of the State’s purported means of service in this case, i.e., service of the forfeiture petition at Looney’s house, service by publication, or providing a copy of the petition to Looney’s “attorney of record,” were proper, and, thus, the forfeiture judgment was void. Because we hold that service was improper, we need not consider the timeliness of the forfeiture petition.
For the reasons set forth above, the trial court erred in denying Looney’s motion for relief from the underlying forfeiture judgment. The judgment denying Looney’s Rule 60(b)(4) motion is reversed, and we remand this cause for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.

. In an affidavit filed with the court in the instant case, Looney states that in 1999 he was convicted of criminal conspiracy to commit a controlled-substance crime and a drug-related offense and sentenced to 25 years in prison.

. Nothing in the record indicates that a vehicle was seized during the execution of the warrant at Looney's house, and the trial court’s forfeiture judgment does not mention a vehicle.

. The first three "reasons” set forth in Rule 60(b) allowing relief from a judgment are "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.”